A. C. BELMONT, *Appellant*, v. TOWN OF GULFPORT, FLORIDA, *Appellee.*

En Banc.

Opinion filed May 2, 1929.

*Thomas A. Cunniff,* for Appellant;

*Paul H. Brinson,* for Appellee.

BUFORD, J.—The appeal in this case is from a final decree validating a certain bond issue of the Town of Gulfport. During the proceedings an answer was filed by one A. C. Belmont. Certain portions of the answer were stricken.

Amongst other things, the final decree holds that the said A. C. Belmont is not a proper party to intervene in this suit and the intervention was dismissed.

It appears from the record that A. C. Belmont was not a taxpayer on real or personal property in the Town of Gulfport, that he only paid poll taxes.

The main question to be determined by this Court is whether or not A. C. Belmont was a citizen, not being a taxpayer, was a party authorized to intervene in this suit.

The appellant claimed such right under the provisions of Sec. 5108, Comp. Gen. Laws 1927, the same being Sec. 3298, Rev. Gen. Stats. of Fla.

The construction of the word "citizen" as used in that statute is that it means a citizen whose rights or interests as an individual are involved. It means a citizen having a justiciable interest in the litigation and does not mean to confer upon a citizen possessing no justiciable interest in the litigation the right to make himself a party to such litigation to raise questions which do not affect his rights either as a taxpayer or a citizen. Nor was it the intention of the

Legislature when using the word "citizen" in that statute to constitute every non-taxpaying citizen a guardian of the rights of the public. Under our government the rights and interests of citizens constituting the public are provided protection by the interposition of duly qualified public officials upon whom the law imposes that burden.

As used in the statute referred to, the word "citizen" means an elector qualified to vote in an election involving the bond issue, and the word "taxpayer" as therein used means one who is required to pay taxes within the district, though he may not be an elector within the district. See School District No. 11 v. School District No. 20 (Sup. Ct. of Ark.), 39 So. W. R. 850.

The case of Harris v. Harris (Sup. Ct. of Iowa) reported in 215 N. W. R. 661, will also be found helpful in determining the proper construction for the word "citizen" as used in this statute.

We also find upon referring to other statutes in connection with this subject that the words "taxpayer" and "citizen" are used designating persons upon whom service of notice should be had and in defining those who are entitled to the privilege of electors in such elections. The section here under consideration was enacted to provide a method by which all persons having a justiciable interest in the bond validation can come into court and be heard. Those persons, as heretofore stated, are citizens within the district who are taxpayers and at the time of the passage of the Act it may be assumed that there were citizens, taxpayers within the district, who could not qualify as electors because at that time women could not qualify as electors. Neither could non-resident taxpayers qualify as electors, but under this statute women citizens and taxpayers within the district who cannot qualify as electors, taxpayers outside of the district who cannot qualify as electors and citizens within

the district being taxpayers in the district and being qualified as electors, each and every of which had a justiciable interest in the validating proceedings, were granted a right to intervene.

We find no error in the decree and same should be affirmed. It is so ordered.

Affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.