STATE, *ex rel* BEN HUR LIFE ASSOCIATION, v. CITY OF HIALEAH, a Municipal Corporation; L. H. O'QUINN, as Mayor; J. R. STRIPLING, as President of the City Council; J. R. STRIPLING, CARL AULT, TOM MAXWELL, H. A. MILANDER, C. E. BARR, A. F. FANGER *and* J. W. KAMINSKI, as members of and constituting the City Council; and P. E. HACKNEY, as City Clerk and as Treasurer.

177 So. 712.
Division A.
Opinion Filed December 16, 1937.

*Casey & Walton* and *Frank O. Spain,* for Plaintiff in Error;

*Martin F. Whelan, Jr.,* and *Mitchell D. Price & Charles W. Zaring,* for Defendants in Error.

TERRELL, J.—This writ of error is to a final judgment dismissing an alternative writ of mandamus after granting a motion to quash. The alternative writ alleges that the City of Hialeah, pursuant to Chapter 11516, Special Acts of 1925, did in September, 1926, and again in January, 1927, float two issues of bonds in the sum of $500,000.00 each, that each issue of said bonds was validated by decree of the Circuit Court, from which no appeal was taken, that relator acquired certain bonds of each issue with interest coupons attached thereto and is now the owner, holder, and bearer thereof, that Relator's interest coupons in the aggregate sum of $3,480.00 are past due and unpaid, that the city has on hand a sum of money in excess of $3,480.00 which is unimpounded by judicial process, that said sum was levied and collected for the purpose of paying the principal and interest on outstanding bonds, but that it has been commingled with other revenues of the city.

The alternative writ commands designated officers of the City of Hialeah to convene and draw their warrant in the sum of $3,480.00 for the purpose of paying Relator the amount matured but unpaid on its past due coupons, that said sum be paid to the order of the law firm of Casey & Walton, Attorneys for Relator, on presentation and surrender by them of Relator's past due and unpaid coupons.

The main question with which we are confronted involves the interpretation of Section 46, Chapter 11516, Special Acts of 1925, being a part of the charter of the City of Hialeah. The Respondents contend that the coupons involved are invalid because the City of Hialeah had no authority to issue and attach them to the bonds described in the writ.

Section 46 is as follows:

"Sec. 46. Within one year after this Act takes effect, the City Council is hereby authorized to provide by ordinance for the issuance of bonds in an amount not to exceed one million dollars, of such denominations, bearing such rates of interest not exceeding six per cent., becoming due at such time not exceeding thirty years from the date of issuance, and upon such conditions as may be prescribed by ordinance. Said bonds shall not be sold for less than ninety per cent. and accrued interest and the proceeds from the sale of said bonds may be used for any municipal purpose."

In support of their contention, Respondents say that the provision of the City Charter so quoted provides for interest at not exceeding six per cent, but fixes no date or conditions on which it is payable and that when contracts so provide, the interest matures and becomes payable on the same date that the principal matures. Many cases are cited by Respondents in supporting this contention which we recognize to be the rule, but we do not think the facts in this case are such as to make it applicable.

In our view, the words, "upon such conditions as may be prescribed by ordinance," contained in Section 46 limit the denominations of the bonds, the rate of interest they bear, and date the principal and interest matures. In other words, the City by ordinance within the limitations contained in Section Forty-six is authorized to fix the denomi-

nations of the bonds, the rate of interest they bear and when the interest is payable.

The coupons are nothing more than evidences of the contract to pay interest on the bonds and did not authorize the exercise of any power not contained in the City Charter or the bonds. If there was basis in the record for this question, it would seem to have been settled by the decree validating the bonds.

The next question urged is predicated on the alleged insufficiency of the alternative writ to show any duty on the part of respondents to draw their vouchers in favor of Casey and Walton as Counsel for Relator to pay the interest coupons sought to be collected.

The record does not disclose that this question was raised or considered by the court below, but whether it was or was not by virtue of his general authority, an attorney may receive moneys due his client on a judgment and may satisfy the same. Ample proof of the attorney's agency and *bona fides* may be required when the coupons are paid.

Other assignments of error have been examined, but a discussion of them is not deemed to be essential.

The judgment below is reversed.

Reversed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.