## State v. City of Lakeland.

180 So. 754.
Division A.
Opinion Filed April 25, 1938.

*L. Grady Burton,* State Attorney, for Appellant;
*Carver & Langston,* for Appellee.

BUFORD, J.—On March 2, 1938, the City of Lakeland filed its petition in the Circuit Court for Polk County pursuant to Section 5106, *et seq.,* Compiled General Laws of 1927, to validate $6,557,000.00 thirty year callable refunding bonds to be dated July 1, 1936, and to be exchanged at par for outstanding municipal bonds issued by the city at various times from 1904 to 1932, also approximately $1,000,000.00 in delinquent tax notes payable ten years from date in exchange for delinquent interest on said bonds refunded and accrued prior to July, 1936.

The petition recites that the refunding bonds are to be paid from an ad valorem tax levied upon all taxable property including homesteads within the present territorial limits of the city together with proceeds collected from special assessment liens heretofore pledged for payment

of some of the bonds being refunded. The right was reserved to levy such taxes as might be lawfully imposed for the payment of any or all of said indebtedness upon any and all property heretofore embraced within the territorial limits of the city at the time of the issuance of any of the indebtedness being refunded which is not now embraced within the existing limits of the city.

The delinquent tax notes are to be paid from the proceeds of the debt service portion of the delinquent taxes assessed for the year 1933, the year of the first delinquencies, and prior years, from the proceeds of all unpaid special assessment liens of the city not pledged to the payment of bonds and from the proceeds of a special tax of not less than two mills to be levied for the fiscal year 1940 and succeeding years on all taxable property including homesteads in the city with the same reservation for taxing excluded areas as applies to refunding bonds in the preceding paragraph and to be assessed until such delinquent tax notes are paid in full.

Coeval with filing the petition, order to show cause why said bonds and delinquent tax notes should not be validated and notice to citizens and taxpayers was duly given. On March 5, 1938, the State Attorney answered the petition, testimony was taken, and on final hearing a decree was entered validating the refunding bonds and the delinquent tax notes. From the validating decree so entered, the State appealed.

The first question argued has reference to whether or not taxes should be imposed on homesteads within the city to pay interest and retirement of said refunding bonds and delinquent tax notes.

The second question argued has reference to whether or not the city can covenant to collect all ad valorem taxes due the city for other purposes along with and at the time

it collects taxes to pay interest on and retire the refunding bonds and delinquent tax notes and will refuse to accept the one without the other.

The third question argued has reference to whether or not the city can covenant to accept nothing but lawful money of the United States in payment of taxes or special assessments imposed for interest and retirement of the refunding bonds and delinquent notes except that delinquent tax notes will be accepted in payment of special assessments for the year 1933 and prior years, it being contended that such a covenant renders said refunding bonds invalid as being in violation of Chapter 17401, Acts of 1935, and Section 10 of the City Charter as amended by Chapter 16526, Acts of 1935.

The seventh question has reference to the pledge of special assessments and delinquent tax liens in payment of the delinquent tax notes without an approving vote of the people.

The foregoing questions were concluded contrary to the contention of Appellant by the decision of this Court in State v. City of Sanford, 128 Fla. 171, 174 So. 339, and as to them, we rest the decision of this case on authority of the case last cited.

The fourth question argued has reference to covenants relating to the right of enforcing payment of the 1936 refunding bonds in view of any legislation enacted since January 1, 1933, particularly Chapter 16965, Acts of 1935.

The fifth question argued has reference to the covenant to refund the unpaid interest accrued to July 1, 1936, on the bonds refunded by the issuance of delinquent tax notes in the amount of unpaid interest when such amount is not definitely known and the amount of the delinquent tax notes is not ascertained.

Question four and question five are concluded contrary to the contention of Appellant by the decision of this Court in State v. City of Sanford, *supra,* and State v. City of Clearwater, 125 Fla. 73, 169 So. 602, and as to said questions, we are contented to rest the decision of this case and the two cases last cited.

The sixth and eighth questions argued have reference to covenants made for payment of principal and interest on the 1936 refunding bonds and delinquent tax notes in view of enlargement and reduction of the city limits over the period in which the bonds sought to be refunded were issued. It is contended that in view of this changed status in the city limits, the refunding bonds and delinquent tax notes should be subject to an approving vote of the qualified electors of the city as required by Section 6, Article IX, of the Constitution.

Inspection of the resolution for the issuance of the refunding bonds and delinquent tax notes discloses that the right was reserved by the city to tax any territory excluded from the city for the payment of any obligations existing at the time such territory was eliminated. In other words, any taxpayer now in the city can enforce a levy on said lands for the payment of the refunding bonds and delinquent tax notes. This part of the resolution was for the purpose of meeting objections pointed out by this Court to the validation of the refunding bonds in Atlantic Coast Line Railroad Company v. City of Lakeland, Fla., 177 So. 206, being the first appearance of this case here.

The ninth question in effect alleges that the refunding bonds and delinquent tax notes are in violation of Section 6, Article IX, and Section 12, Declaration of Rights, Constitution of Florida, Section 10, Article I, Constitution of United States, because the original bonds provided for special assessments on the lands benefited and it is not

shown the right to recover on said special·assessments has been exhausted.

Appellee contends that this question was not before the Court below but is raised for the first time in this Court. Whether this is true or not we think the issue raised was concluded against the contention of Appellant by what. we said in State v. City of Sanford, *supra,* and State v. City of Clearwater, *supra.*

We fail to see that the refunding bonds and delinquent tax notes lay any additional burden on the city that was not embraced in the bonds being refunded. True, there is a modification in the maturities and the interest rate but if anything, this was to the advantage of the city. There was no new burden imposed.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.