LEROY FARROW, PAUL SIMPSON and THE STATE v. CITY OF HIALEAH, a Municipal Corporation.

181 So. 838.

Opinion Filed May 31, 1938.

622

*Worley & Gautier*, for Appellants;

*Martin F. Whelan, Jr., Murrell & Malone* and *Mitchell D. Price & Charles W. Zaring*, for Appellee.

PER CURIAM.—The appeal brings for review decree validating an issue of refunding bonds.

Two questions are stated in brief for appellant, as follows:

"In a proceeding to validate a refunding bond issue of a municipality, should an answer be stricken and a final decree entered on behalf of said municipality when taxpayers have filed an answer alleging that the original bonds of said municipality are invalid, voidable and of no legal effect due to the fact that the notice as required by the statutes and laws of the State of Florida were never complied with in the original validation proceedings of the bonds of said municipality, in that one publication of the notice required by the State of Florida to be published was not in fact ever published."

"2. In a proceeding to validate certain refunding bonds of a municipality, should an answer be stricken and a final decree entered on behalf of said municipality when taxpayers have filed an answer alleging that the original bonds issued by said municipality are void, invalid and of no legal effect because the said charter of said municipality was not complied with in the issuance of the original bonds in that the charter of said city provides for bonds to be issued under two sections thereof, the first section providing that

the bonds so issued by said municipality shall bring Ninety (90%) Per Cent. and accrued interest from the sale thereof, and the second providing that the bonds shall bring Eighty-eight (88%) Per Cent. and accrued interest for the sale of said bonds, when in fact the answer alleges that said bonds actually brought Eighty (80%) Per Cent. plus accrued interest to said municipality."

The questions stated do not state the question which we are required to determine. The question presented by the record is whether or not an answer filed in a refunding bond validation proceeding is sufficient when the only objection raised by such answer is that irregularities and non-compliance with statutory provision occurred in the issuance of the bonds which are proposed to be refunded by the present issue when the petition for validation and the answer of intervenors both show that the bond issue or issues sought to be refunded were issued by the proper municipal officers in what purported to be compliance with statutory provisions, that such bonds were issued for municipal purposes and were validated by decree of the Circuit Court having jurisdiction of the cause.

Such questions as are attempted to be raised as to the validity of the bond issue of 1926 which is now sought to be refunded became *res adjudicata* when the decree of validation thereof became absolute. The attack here is a collateral one on a final decree of a court of record. On other collateral attacks the same decree has heretofore been questioned and that decree has been held to be *res adjudicata* of the validity of the bonds now sought to be refunded. See Sparks, as Mayor, *et al.*, v. Ewing, 120 Fla. 520, 163 Sou. 112; City of Hialeah, *et al.*, v. State, *ex rel.* Ben Hur Life Association, 128 Fla. 46, 174 Sou. 843. Also see State, *ex rel.* Ben Hur Life Association, v. City of Hialeah, 130 Fla. 375, 177 Sou. 712.

624

There was no reversible error in holding the allegations of the answer insufficient.

The decree of validation should be and is affirmed.

So ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.