STATE OF FLORIDA, VENICE HOUSES, INC., FINN W. CASPERSEN, ROBERT WALLER BRAGG and GUERNSEY LE PELLEY v. CITY OF VENICE.

2 So. (2nd) 365

En Banc

Opinion Filed May 9, 1941

Clyde H. Wilson, for Appellant State of Florida, John F. Burket, for Appellant Venice Houses, Inc., Thompson & McMullen, for Appellant Finn W. Caspersen, Evans & Glenn, for Appellants Robert Waller Bragg and Guernsey Le Pelley;

Williams & Dart, for Appellee.

BUFORD, J.—The appeal brings for review decree validating certain refunding bonds. Appellant presents six questions for our consideration, as follows:

"Question No. 1. Where the Resolution of Petitioner providing for refunding municipal bonds which resolution is a part of the Petition seeking validation, shows that said municipality, as a part of its refunding plan, reserves the right to levy taxes for the payment of such refunding bonds, upon property which is not then within the territorial limits of such municipality, is not such property and the owners of such property which is not within the territorial limits of such municipality necessary parties to said cause, and is it not essential to jurisdiction over such property, not within such municipality, that legal process be served upon such property which is outside the municipality?"

"Question No. 2. Where a 'Notice to Taxpayers and Citizens' of a designated municipality is published, requiring them to show cause why certain bonds should not be validated, as such notice is required by

Section 5107, Compiled General Laws of Florida, 1927, and which Statute provides that by such publication the court *acquires jurisdiction over all taxpayers and citizens of such municipality,* does the court thereby acquire jurisdiction over property *which is not* at such time within such municipality?"

"Question No. 3. Where a municipality, without the approving vote of a majority of the freeholders who are qualified electors of such municipality, proposes to issue refunding bonds which pledge larger resources of such municipality than secured the original bonds, or which materially alter the original taxpayers obligation upon the original bonds, is not such proposed pledge of larger resources or proposed alteration of the taxpayers original obligation, an unjustified extension of the obligation of contract, and prohibited by Section 6 of Article IX of the Constitution of the State of Florida, as amended?"

"Question No. 4. Where it appears that when the original bonds were issued, and without a bond election as provided by the City Charter, ten per cent of each bond was not secured by any improvement assessment lien, against any specific property, but was solely a general obligation of the municipality to be paid from the general fund of the municipality, does not this make such original bonds void as not having been issued in accord with the provisions of the City Charter?"

"Question No. 5. Where the various answers plead that the best interests of the taxpayers of the bonding unit will not be conserved by the issuance of refunding bonds, was it not error for the lower court to hold that such pleadings were insufficient in law and presented no valid objections of law or fact to the

validation of said refunding bonds, and was it not error for said court to overrule said pleading?"

"Question No. 6. Where the Resolution of Petitioner providing for refunding municipal bonds, which resolution is a part of the Petition seeking validation, shows that said municipality, as a part of its refunding plan, reserves the right to levy taxes for the payment of such refunding bonds, upon property which is not then within the territorial limits of such municipality, does not this provision for municipal taxing of lands not within the municipality create a fatal defect in the bond refunding proceedings, by seeking to secure judicial approval of municipal taxing power beyond that of its charter, and was not the court without power to decree that the municipality had such taxing power?"

The basis of Question 1 is that in the refunding resolution it is provided: "The City reserves the right to levy such taxes as may lawfully be imposed for the payment of such Refunding Bonds upon all property within the boundaries of the City as they existed at the time of the issuance of the bonds refunded, which is not within the existing territorial limits of the City." It appears from the record that this provision was included in the resolution because certain territory was within the municipality at the time the original bonds were issued but was thereafter excluded from the territorial limits of the municipality by legislative enactment.

Whether or not the excluded lands are subject to taxation and may be lawfully taxed to produce funds with which to pay the obligations of the original bonds is a question not involved in this proceeding, but it was and is both proper and necessary for the City to reserve whatever right it had when the original

bonds were issued to lawfully tax all lands within the territorial limits, notwithstanding that some of said lands may have subsequently been excluded therefrom. See A. C. L. R. R. Co. v. City of Lakeland, 130 Fla. 72, 177 Sou. 206, 215; State v. City of Lakeland, 132 Fla. 489, 180 Sou. 754; State v. City of Auburndale, 144 Fla. 210, 197 Sou. 139; State v. City of Fort Myers, 145 Fla. 135, 198 Sou. 414, 818; City of Winter Haven v. Klemm, 132 Fla. 334, 181 Sou. 153.

The second question challenges the sufficiency of the notice to citizens and taxpayers to bring into court taxpayers of the excluded district. We hold that the contention is without merit. If the lands once included within the corporate limits and afterwards excluded from the corporate limits were such as were then and continued to be subject to taxation to raise funds to meet the bond obligation, then the owners of such lands are taxpayers of the City of Venice in contemplation of law and the notice to citizens and taxpayers was sufficient to reach and to bring before the court such owners of such lands so subject to taxation.

Under question three appellant's contention is partly the same that is presented under question five which will be discussed hereafter, and also that under the resolution authorizing the refunding bonds and in the refunding bonds there is pledged larger resources than is pledged to secure the original bonds which would require the affirmative action in an election; and that the refunding bonds increase the obligation because in the refunding bonds there is included the accrued interest on the original bonds, and the obligation requires the City to pay interest on the amount of the original bonds plus the amount of accrued and defaulted interest on the original defaulted bonds.

Section 2 of Chapter 15772, Acts of 1931, the general refunding Act, expressly provides that every city is authorized to issue pursuant to proper resolution without the approval of an election, bonds for the purpose of refunding any and all bonds, coupons or interest on any such bonds and Section 8 of the Act provides that refunding bonds issued under the provisions of that Act may be exchanged for not less than an amount equal to the principal and accrued interest on the indebtedness to be retired thereby. We have repeatedly held that refunding bonds may be issued for the purpose of refunding both principal and interest without the approval of the electors. See Sullivan v. City of Tampa, 101 Fla. 298, 134 Sou. 211; State v. City of Coral Gables, 114 Fla. 326, 154 Sou. 234; State v. City of Miami, 116 Fla. 517, 157 Sou. 13; Fleeman v. City of Jacksonville, 140 Fla. 478, 191 Sou. 840.

The other contention is that by pledging the delinquent taxes for 1937 and prior years to apply on the payment of these bonds the City has enlarged the security. This contention is based on the provision in Section 7 of the authorizing resolution, reading as follows:

"The City of Venice further agrees with the holders of said Refunding Bonds that all funds derived from the adjustment or collection of presently outstanding delinquent taxes for the year 1937 and prior years shall be deposited in the sinking fund herein provided for and used for the purpose of paying interest on the Refunding Bonds, redeeming them pursuant to the provisions thereof or purchasing said Refunding Bonds."

The provision of the resolution as written is too broad to be sustained because it appears to pledge *all* funds derived from the adjustment and collection of

presently outstanding delinquent taxes for the year 1937 and prior years, whereas it should, to be valid, have limited the pledge to presently outstanding delinquent taxes *levied for debt service* for the year 1937 and prior years. The obligation of the bond should also be so limited. See State v. City of Clearwater, 125 Fla. 73, 169 Sou. 602; State v. City of Sanford, 128 Fla. 171, 174 Sou. 339; State v. City of Lakeland, 132 Fla. 489, 180 Sou. 754.

Under the fifth question appellants contend that because when the original bonds were issued under date of February 15, 1938, there was no election held to authorize the issuance of the bonds, 10 per cent of the aggregate amount of which was the general obligation of the City while 90 per cent of the aggregate amount was based upon improvement certificates. And further, that under the provisions of Chapter 11776, Acts of Special Session of 1925, the City was authorized to issue improvement certificates or bonds for the purpose of paving streets and sidewalks and constructing sewers without an election, but the City was without authority to issue bonds in the nature of general obligations without an approving election. It is not necessary for us to discuss this question because the record shows that the original bonds were validated by decree of the circuit court and such validation was affirmed by this Court in the case of City of Venice v. State, 96 Fla. 527, 118 Sou. 308, and thereupon the question of the validity of these bonds in this regard was forever set at rest. See Sparks v. Ewing, 120 Fla. 520, 163 Sou. 112; Farrow v. City of Hialeah, 132 Fla. 621, 181 Sou. 838.

The contentions presented under Question 6, *supra*, have been hereinbefore disposed of.

It has also been argued in the presentation of this cause by the appellants that the issuance of refunding bonds is contrary to the best interests of the City. This question was attempted to be raised by the intervenor and by the amended answer of the State but the allegations in that regard were each and every one properly held insufficient by the chancellor.

The appellants also bring before us a picture of the poverty and hardships of the taxpayers with which we have full sympathy but as to which we are without power to render aid, because we have an orderly government by law and not a government controlled by the changing whims of men.

The cause is remanded to the court below with directions to require the amendment of the resolution and the bonds in regard to the pledge of presently delinquent taxes for the year 1937 and prior years in accordance with the suggestion herein contained and when the same are so amended the decree of validation of the refunding bonds will stand affirmed.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.