MATHEWS, Justice.
This is an appeal from a final declaratory decree wherein the appellee brought a bill for declaratory decree against Bessemer Properties, Incorporated. The purpose of the suit was to validate certificates of indebtedness in the amount of $70,000 payable from a franchise granted to the Florida Power & Light Company, for the purpose of securing money to acquire real property and to construct a jail, city hall and other facilities which were declared to be for a municipal purpose.
The facts in this case are different from the facts in North Shore Bank v. Town of Surfside, Fla., 1954, 72 So.2d 659, in that the certificates authorized in the Surfside case were for recreational purposes and may have been for a public purpose while the facilities authorized in the case at bar not only served a municipal purpose but may have been classified as municipal necessities. In other respects the two suits have many similarities.
It is apparent from the pleadings and brief in this case that the declaratory judgment statute, F.S. Chapter 87, F.S.A, as amended, is attempted to be used for the purpose of validating certificates of indebtedness which is provided for by F.S. Chapter 75, F.S.A.
No citizen or taxpayer or any other party is bound by the final decree in this cause except the City of Opalocka and Bessemer Properties, Incorporated, which corporation had agreed to purchase the certificates of indebtedness upon the condition! that “a decree of a court of competent jurisdiction be rendered declaring such certificates to be legal obligations of the city and that the city procure the passage óf a validating act at the next ensuing session of the Florida Legislature in 1955.” In the bill of complaint the City alleged that it had the power to issue such certificates and that no legal reason existed why the City should not promote the project and issue the certificates of indebtedness.
The answer filed by Bessemer Properties, Incorporated states, that it believes it to be true that the plaintiff had the power to do all of the things it had done and to issue the certificates of indebtedness and to provide for their payment, and then states, “this defendant has doubts as to whether or not the present municipality of Opalocka may issue such certificates of indebtedness payable from the franchise taxes under the decision of the Supreme Court of Florida of May 4, 1954 in the case of North Shore Bank v. Town of Surfside.”
In the assignment of error, the appellant did nothing more than make a general assignment that “The Court erred in entering its final decree”.
F.S. Section 87.10, F.S.A. provides for parties in a suit for declaratory judgment or decree. This section also provides that “if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general of the State of Florida or the state attorney of the judicial circuit in which the action is pending shall also be served with a copy of the proceedings and be entitled to be heard.”
*298 There is no allegation in the pleadings that the statutes, ordinance or franchise involved are unconstitutional.
It appears from the record that Honorable Murray Sams, Assistant Attorney General, was furnished a true and correct copy of the petition and that he was served with notice of a hearing in this cause. It does not appear that he filed any answer or that he attended the hearing or interposed any defense of any kind or nature to the proceedings.
Proceedings to validate bonds and certificates of indebtedness of any county, municipality, taxing district or other political district or subdivision of this State should be brought under the provisions of F.S. Chapter 75, F.S.A. Proceedings brought for the purpose of validating the certificates of indebtedness in this case by the City against the corporation which had agreed to purchase the certificates are not authorized and such proceedings do not bind the citizens, taxpayers and other interested parties who were not parties to the suit. The fact that the Attorney General may have been served with a copy of the complaint in this case does not bind the citizens and taxpayers and other interested parties. The authority to serve him with a copy of such complaint only exists where there is an allegation that the statute or ordinance under which the proceedings are had is unconstitutional. There is no allegation in this case. An opinion by the Circuit Court or by this Court under the facts shown in this case would be nothing more than an unauthorized advisory opinion or the giving of legal advice.
The appeal to this Court in this case is unauthorized. F.S. Section 87.06, F.S.A. provides that all judgments, decrees or orders under declaratory judgments or decrees statute may be appealed to or reviewed by the Supreme Court of Florida in the same manner as other decrees, judgments and orders. F.S. Section 75.08, F.S. A., with reference to the validation of bonds or certificates of indebtedness, provides, “Any party to the cause * * * dissatisfied with the final decree, may appeal therefrom to the supreme court *
In the case of Credit Industrial Co. v. Re-Mark Chemical Co., Fla., 67 So.2d 540, 541, this Court held that an appeal was proper “only from a decision in some respect adverse to him.”
It does not appear that the appellant is dissatisfied with the decree but it does appear that the appellant desires this Court to put its stamp of approval upon the decree of the Circuit Court. Brautigam v. Mac-Vicar, Fla., 73 So.2d 863.
We do not pass ttpon the merits of the cause or upon the validity or invalidity of the certificates of indebtedness. Such questions are not properly presented.
The decree of the lower Court should be and the same is hereby reversed, with directions that the final decree be set aside and the cause dismissed without prejudice to the right of the parties to proceed in a manner authorized by law.
ROBERTS, C. J., and SEBRING and HOBSON, JJ., concur.