HOBSON, Justice.
This is a bond validation case in which a final decree validating the bonds was filed on December 8, 1954. Nineteen days thereafter, on December 27, 1954, Jack Meyers, C. C. Hickok, E. H. Thompson, Mark Smith, and Sherwood Brown, as taxpayers, property owners, and citizens of the City of St. Cloud, filed a notice of appeal and assignments of error, directed to the final decree entered hei;ein. This was' the first appearance of these five persons in the cause. They had not previously intervened or re *403 quested leave to intervene, as they might have done pursuant to F.S.A. § 75.07.
The City of St. Cloud, as appellee, has moved to dismiss this appeal on the ground that since the appellants did not intervene in the proceedings below, they have no standing to prosecute this appeal. The sole authority relied on by the appellee in support of this position is our decision in the case of State of Florida, H. C. Williamson v. Florida State Improvement Commission, Fla., 75 So.2d 1. Appellants contend, however, that authority for this court to entertain their appeal is to be found elsewhere in Chapter 75, F.S.A., as interpreted by our decision in the case of State v. Sarasota County, 118 Fla. 629, 159 So. 797. The question thus squarely presented is whether citizens and taxpayers may appear for the first time as appellants in bond validation proceedings such as these.
We answered this question in the affirmative in State v. Sarasota County, supra, 159 So. 797, 799, where we said, speaking through Mr. Justice Davis:
“Our statute pertaining to bond validation proceedings treats as parties defendant all of the citizens and taxpayers of the petitioning political unit bringing the proceedings. As such citizens and taxpayers, the statute permits them to appeal from the decree as such. Such privilege of appeal exists, whether the particular individual so appealing has actually appeared in, or exercised his statutory right of special intervention as a nominal party on the record, or not. See sections 5107, 5108, C.G.L., sections 3297, 3298, R.G.S. On this point see, also, the discussion of Mr. Justice Ellis in his separate opinion in Boatwright v. City of Jacksonville [117 Fla. 477] 158 So. 42, text page 59, wherein the foregoing interpretation of the statute is emphasized with a statement of the reasons the refor.” (Italics added.)
Sec. 5107, C.G.L., 1927, alluded to in the Sarasota case, after providing for notice to taxpayers of the hearing on the rule to show cause in bond validation proceedings, stated:
“By the publication of said notice all taxpayers and citizens of such county, municipality, taxing district, or other political district or subdivision shall be considered parties defendant to said proceedings, and the court shall have jurisdiction of them the same as if they were named as defendants in said petition and personally served with process.” (Italics added.)
The section governing appeals, which we cited in the Sarasota case, was Sec. 5108, C.G.L., 1927, and it read in part as follows:
“Any taxpayer or citizen may become a party to said proceedings; and any party thereto, whether petitioner, defendant or intervenor, dissatisfied with the decree of the court, may appeal therefrom to the Supreme Court within fifteen days after the entry of such decree.” (Italics added.) •
Secs. 5107 and 5108, C.G.L., 1927, while they have undergone some modification, have been carried forward into Florida Statutes, 1941, and appear in several sections thereof. Included in the later enactment is F.S. § 75.06, F.S.A. [as amended, Laws 1945, c. 22623, § 1, Laws 1949, c. 25263, § 4]. This section, after setting out the requirements for publication of notice, reads somewhat more broadly than its predecessor [Sec. 5107, C.G.L., 1927] which we have quoted above, by containing the following language:
“By the publication of said order or rule nisi, all property owners, taxpayers, citizens and others having or claiming any right, title or interest in said county, municipality or district, or the taxable property therein, shall be considered as and are made parties defendant to said proceedings, and the court shall have jurisdiction of them to the same extent as if named as defendants in said petition and personally served with process in the cause.” (Italics added.)
*404 F.S. § 75.08, F.S.A. which has not been amended since it was enacted as part of Laws 1941, reads in part as follows:
“\Any party to the cause, whether petitioner, defendant or intervenor, or otherwise, dissatisfied with the final decree, may appeal therefrom to the supreme court within twenty days after the entry of such decree.’’ (Italics added.)
A study of the statutory sections which we have quoted reveals that if there has been any change since the Sarasota case was decided, it has been in the direction of liberalizing procedure, and extending the rights of interested persons, on appeal to this court. Based on these statutes and the Sarasota case, it is quite clear that the present appeal was timely filed and is authorized unless appellants are foreclosed by our pronouncements in Bessemer Properties v. City of Opalocka, Fla., 74 So.2d 296, and State of Florida, H. C. Williamson v. Florida State Improvement Commission, supra, 75 So.2d 1.
The Opalocka case, while it may be loosely associated with the subject at hand, is plainly not controlling. In that case, because of the peculiar procedural situation, the appellant had no standing in court because it did not appear that appellant was “dissatisfied” with the decree it sought to have reviewed. The Williamson case, sup'ra, which as aforesaid appellee vigorously contends is controlling here and should cause us to dismiss this appeal, must likewise be distinguished from the instant case. In the Williamson case the appellants had moved to intervene in the circuit court, under F.S. §§ 75.05 and 75.07, F.S.A., after the time fixed for intervention as of right had expired. Intervention thereafter in the proceedings below, by the express terms of F.S. § 75.07, F.S.A., was permissible only by leave of the court, which was sought and denied. Reference to the original file in the cause demonstrates that the question with which we are concerned in the instant case was not there presented to this court, but that the appellants in the Williamson case, with regard to their standing in court, presented and argued only the question of whether or not the denial of their application to intervene was error. On this issue we held that the matter was discretionary with the trial court, and that no abuse of discretion had been shown.
In the light of the plain statutory language which we have quoted above, the Williamson case does not stand as authority for the proposition that citizens and taxpayers such as the appellants herein, who have timely and properly complied with F.S. § 75.08, F.S.A., supra, have no standing in this court. The sections of Chapter 75, Florida Statutes, F.S.A., which we have discussed must be read together, but with the caveat that they clearly provide alternate methods of reaching this court.
It follows that the motion to dismiss this appeal must be, and it is hereby, denied.
TERRELL, THOMAS and DREW, JJ., concur.
MATHEWS, C. J., and SEBRING, J., dissent.
ROBERTS, J., not participating.