### KELTON v. MORAT, et al.
No. 126648.

Small Claims Court, Dade County.
November 30, 1964.

I. R. Mayers, Miami, for plaintiff.

Van Buren Vickery, Miami, for defendants.

---

SIDNEY L. SEGALL, Judge.

Judgment is rendered in favor of the defendant. The evidence is legally insufficient to establish liability.

The court has not been referred to, nor does research reveal any Florida statutory or decisional authorities governing the determination of the issues presented herein. The court has examined the decisions of other states cited (76 A.L.R. p. 1111; 128 A.L.R. p. 1217; 5 Miami L.Q. p. 512 and later decisions under the A.L.R. annotations).

Some authorities recognize the view that overhanging trees constitute per se a trespass and the only issues to be resolved are proximate cause and damages. Other authorities follow the early common law doctrine of "self-help" which permitted an injured property owner to remove the overhanging branches. Under this doctrine, however, the use of the courts was not encouraged in the settlement of such disputes, and in many instances, no legal remedy for compensatory damages existed. However, for the reasons hereinafter stated it is immaterial which of the above-mentioned rules is followed.

The credible evidence establishes the following material facts —

Debris, consisting of pine cones and needles, from the overhanging branches of a tree located on defendant's adjoining property, fell on the carport roof on plaintiff's property. Plaintiff acquired ownership in August, 1961. The roof is a gravel deck, and from the appearances of photographs (plaintiff's exhibits 2e, f, & g) is almost a flat surface.

At the time of the trial the roof was ten or eleven years old. The only expert testimony as to the cause of the condition of the roof was offered by defendant's expert witness (a roofer of 19 years experience), namely — that pine needles and cones on a roof are not harmful but water standing on a roof would have a harmful effect and would cause wood to rot.

Plaintiff offered no substantial competent evidence as to the primary cause of the roof deterioration. Plaintiff's proof as to causation was his own testimony that — "The damage was to that part of the roof where the pine needles are the thickest" (plaintiff's exhibits 2c, 2d & g).

Plaintiff adduced no proof as to the physical condition of the carport roof covering at the time he became the owner in August, 1961. Moreover, he offered no evidence as to the longevity of the type of roof covering involved herein.

The evidence therefore fails to establish a factual basis sufficient to justify a reasonable inference as to the proximate cause of the alleged damage to plaintiff's carport roof. To conclude otherwise would require the court to "pyramid" inferences, or to draw an inference from an inference, contrary to established principles of law. Voelker v. Combined Ins. Co. of America, Fla., 73 So.2d 403.

Plaintiff has, therefore, failed to establish by a preponderance of the evidence the material allegations of his statement of claim.