QUESTION: In light of the requirement contained in s. 167.30, F. S. 1971, that members of a library board created pursuant thereto be chosen from "citizens at large," may a person who is under 18 years of age be appointed to a library board so created?
SUMMARY: Consistent with the common-law rule which prohibits any person who has not attained the age of majority as prescribed by law from holding an office which entails the exercise of judgment and discretion, a person who is under the age of 18 years should not be appointed as a member of a library board created pursuant to s. 167.30, F. S. 1971, which statute remains in general effect pursuant to s. 166.042(1), F. S. Section 167.30, F. S. 1971, formerly provided in pertinent part that: (1) When any city or town council shall have decided by ordinance to establish and maintain a public library and reading room, they shall elect a library board to consist of five directors, to be chosen from the citizens at large, of which board neither the mayor nor any member of the city or town council shall be a member. . . . (Emphasis supplied.) This section, along with the remainder of Ch. 167, F. S. 1971, was repealed by Ch. 73-129, Laws of Florida, the Municipal Home Rule Powers Act (Ch. 166, F. S.). However, s. 5(2) of Ch. 73-129 (s. 166.042(1), F. S.) provides that it is the legislative intent that: . . . municipalities shall continue to exercise all powers heretofore conferred on municipalities by the chapters enumerated above [including Ch. 167, F. S. 1971], but shall hereafter exercise those powers at their own discretion, subject only to the terms and conditions which they choose to prescribe. Applying this language to the instant situation, it would appear that the power formerly conferred on a municipal governing body by s. 167.30, F. S. 1971, may continue to be exercised by that governing body subject only to the terms and conditions which it chooses to prescribe. Cf. Penn v. Pensacola-Escambia Government Center Authority, 311 So.2d 97, 101
(Fla. 1975), in which it was stated that "[s]ection 167.28, although repealed, is still viable as a grant of municipal power under Ch. 73-129, Laws of Florida." More specifically, the city council of the City of North Miami Beach may continue to maintain a library board and appoint the members thereof pursuant to s. 167.30, but apparently, in the absence of any charter provision otherwise controlling the question, the governing body is no longer specifically restricted by the condition contained in that provision that such appointments be from "citizens at large." Thus, it is unnecessary to determine whether the phrase "citizens at large" as used in s. 167.30 includes residents of the City of North Miami Beach who are under 18 years of age. But cf. Belmont v. Town of Gulfport, 122 So. 10 (Fla. 1929). As to whether the city council of the City of North Miami Beach is otherwise precluded by law from appointing to that city's library board persons who are under 18 years of age, at common law any person who has not attained the age of majority as prescribed by law may not hold an office, the performance of the duties of which requires the exercise of judgment and discretion. 43 C.J.S. Infants s. 24, p. 85; 63 Am. Jur.2d Public Officers and Employees s. 46, p. 657; cf. AGO 055-166. In this regard, s. 743.07(1), F. S., prescribes the general age of majority in this state as 18 years; and it appears that a member of a library board established pursuant to s. 167.30, F. S. 1971, is an officer, the performance of whose duties requires the exercise of judgment and discretion. See ss. 167.30, 167.31, 167.32, 167.36, and 167.37, F. S. 1971. Thus, I am of the opinion that a person under 18 years of age should not be appointed as a member of a library board created pursuant to s. 167.30, F. S. 1971.