ENGLAND, Justice.
Ronald C. Bruns, a resident of Collier County, appeals a final judgment entered by the Collier County Circuit Court validating bonds of a water-sewer district (“the District”) created pursuant to Part II of Chapter 153, Florida Statutes (1975), entitled “County Water and Sewer District Law.”[1] Although Bruns raises a number of issues in attacking the bond validation judgment,[2] the dispositive issue is whether the District lacks authority to issue revenue bonds because it was not created in compliance with Chapter 153. We hold that the District was not validly created under the procedures set out in Section 153.58(l)(a).
The legislative scheme for the creation of a county water-sewer district requires an election on its creation by the voters of the *863 county.[3] “Immediately after any such election,” [4] the county commission must canvass the votes, declare the election results, and, if the voters have approved the creation of a district, “by resolution declare the district duly created, and forthwith cause an estop-pel notice to be published . . . .”[5]
It is uneontroverted that an election for the District was held in November 1969, but that the Collier County Board of Commissioners neither passed the resolution declaring its creation nor published an estop-pel notice until 1975. Bruns argues that this six-year delay is not in compliance with the statute, and we agree.
The court below ruled, and the District here argues, that the failure to comply with the statutory directive of publishing an es-toppel notice “forthwith” was not a “legally material irregularity” in the proceedings, and that because there was substantial compliance with other statutory requirements we should not invalidate the bond issue on the basis of such a “trivial pretext” and frustrate the expressed will of the voters. This contention, and others argued alternately, ignore the immediacy requirement built into Section 153.58(1), and the obvious policy reasons for insisting on its enforcement. Contrary to the District’s suggestion that the time for performing the designated acts was established “merely as a convenience or to aid orderly procedure,”[6] we view this requirement as imperative to the protections which the statute provides to the public.
The purpose of the estoppel notice is to inform the public of the action taken by the board, principally the vote canvass and its verification of the election results, and to give interested parties twenty days in which to challenge the creation of a district by filing an action in the local circuit court.[7] If no action is commenced within the time allowed, then all future actions challenging the district’s creation are forever barred.[8] The obvious purpose for these provisions is to protect the integrity of the election and the regularity of other procedural steps, by ensuring that all challenges will be heard while the contested issues remain fresh in the minds of the responsible officials and affected landowners, and before important documents are lost or destroyed.[9] These objectives are seriously jeopardized when the creation of a district becomes subject to challenge after a substantial lapse of time, such as six years.
Since the Collier County Water-Sewer District was not created in compliance with the governing statutes, the circuit court was wrong in holding that it was authorized to issue revenue bonds. The order validating these bonds is reversed, and this case is remanded to the circuit court for the entry of an order dismissing with prejudice the District’s complaint.
It is so ordered.
OVERTON, C. J., and SUNDBERG, HATCHETT and KARL, JJ., concur.
BOYD, J., dissents.

. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const., and § 75.08, Fla.Stat. (1975).

. The District challenges Bruns’ standing here. The record indicates that Bruns filed a timely challenge to the creation of the District following publication of the estoppel notice in 1975, which action was later consolidated with the bond validation proceeding over his objection. He received notice of the hearings on the consolidated actions, but did not appear. The District contends that he should not be permitted to raise issues before this Court that were not properly contested below. We have previously held, however, that a citizen’s privilege to appeal from a bond validation decree exists “whether the particular individual so appealing has actually appeared in [the proceeding], or exercised his statutory right of special intervention as a nominal party on the record, or not.” State v. Sarasota County, 118 Fla. 629, 633-34, 159 So. 797, 799 (1935).

. § 153.56, Fla.Stat. (1975).

. § 153.58(1), Fla.Stat. (1975).

. § 153.58(1)(a), Fla.Stat. (1975).

. Appellee’s Brief at 21.

. §§ 153.58(1)(a) and 153.59, Fla.Stat. (1975).

. § 153.58(1)(a), Fla.Stat. (1975).

. In the proceeding below, for example, the most actively contested issues involved the authenticity of the original petitions and certain other documents, which were only received into evidence on the basis of inferences drawn from testimony that was, at best, uncertain.