663 So.2d 1321 (1995)
William M. RICH, Jr., et al., Appellants,
v.
STATE of Florida, et al., Appellees.
No. 85494.
Supreme Court of Florida.
November 30, 1995.
*1322 Steven J. Chase and Mark W. McFall of Abel, Band, Russell, Collier, Pitchford & Gordon, Chartered, Sarasota, for Appellants.
C. Allen Watts of Cobb, Cole & Bell, Daytona Beach, on behalf of Village Center Community Development District; and Stephen W. Johnson and Steven M. Roy of McLin, Burnsed, Morrison, Johnson & Robuck, P.A., Leesburg, for Appellees.
OVERTON, Justice.
We have on appeal a trial court final judgment validating bonds proposed by the Village Center Community Development District (the District). We have jurisdiction. Art. V, § 3(b)(2), Fla. Const. We affirm the judgment, finding that the trial court properly determined that the appellants had no authority to intervene in this bond validation proceeding.
The facts of this case are as follows. The District is a local unit of special-purpose government,[1] which was created by the Town of Lady Lake, Florida. The District's governing board is provided with a broad range of powers, including the financing and acquisition or construction of recreational, cultural, educational, security, and water management facilities. Additionally, the District is authorized, after approval by appropriate governmental entities, to issue revenue bonds, without limitation as to amount, payable from the revenues to be derived from any of those facilities or the fees collected from the users of any of those facilities, as long as the bonds do not constitute an indebtedness of the District. The approval of the electors is not required unless the bonds are secured by the full faith and credit and taxing power of the District.
In January 1995, the District's governing board passed a resolution authorizing the issuance of two series of revenue bonds not to exceed $25,000,000 for the purpose of financing the acquisition of certain facilities and improvements both inside and outside the District.[2] Under the resolution, the facilities are to be acquired by the District from the Villages of Lake Sumter, Inc. (the Developer). The Developer currently allows the use of the facilities for a contractual fee. In the proposed acquisition, the District will receive an assignment of those contractual rights. The fees collected by the District will provide the revenues with which to retire the *1323 proposed bonds. The appropriate governmental entities have approved the acquisition and have entered into the appropriate agreement with the District to allow the District to provide the services of the facilities located outside the District.
In February 1995, the District filed a complaint in circuit court seeking validation of the two bond issues. The appellants, a group consisting of residents of the Villages of Lady Lake and the Villages of Lake Sumter, filed a motion to intervene in the bond validation proceeding. The appellants do not own property within the district, but they do pay the contractual fees for the use of the facilities being purchased. The fees paid by the appellants constitute the fees that will repay the bonds at issue. Their position as contractual users of the facilities will not be altered by the issuance of the bonds.
In March 1995, the circuit court summarily denied the appellants' motion to intervene. At that same time, the circuit court issued a final judgment validating the bonds, finding that the District has the power to issue the bonds and that the bonds are being issued for a valid, lawful, and proper purpose. The appellants then filed this appeal.
The appellants raise two issues in this appeal, claiming that (1) the trial court erred in denying their motion to intervene, and (2) that the bonds do not serve a valid public purpose.
Regarding the first issue, appellants contend that they are "interested persons" within the meaning of section 75.07, Florida Statutes (1993), which governs who may intervene in bond validation proceedings. Appellants admit that they are residents of the Villages of Lady Lake or the Villages of Lake Sumter rather than residents of the District. They argue, however, that they are interested persons who have a right to intervene in this proceeding because, as part of their property agreement with the Developer, they have the right to use the facilities to be purchased through the revenue bonds at issue.
Section 75.07 provides in pertinent part that "[a]ny property owner, taxpayer, citizen or person interested may become a party to the action by moving against or pleading to the complaint at or before the time set for hearing." (Emphasis added.) Apparently, no case law addresses the definition of "person interested" as used in that section. Courts have, however, interpreted that term as used in other sections of the Florida Statutes. For example, the Fourth District Court of Appeal recently determined in City of Dania v. Broward County, 658 So.2d 163 (Fla. 4th DCA 1995), that the City of Dania was not a "person interested" for the purpose of intervening in an eminent domain proceeding filed by Broward County. In reaching that conclusion, the district court held that the City was precluded from intervening in the action because the judgment of compensation would have no direct legal effect on the City. Although the district court was reviewing the denial of a motion to intervene filed under Florida Rule of Civil Procedure 1.230, the district court based its holding on an earlier decision in Tampa Suburban Utilities Corp. v. Hillsborough County Aviation Authority, 195 So.2d 568 (Fla. 2d DCA), cert. denied, 201 So.2d 898 (Fla. 1967). In that case, the Second District construed the meaning of "person interested" as used in section 73.05, Florida Statutes (1963) (former statute governing intervention in condemnation proceedings), stating:
In order for a person to intervene in a condemnation action the interest of the intervenor... must be of such direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment of compensation... .
Id. at 569 (emphasis added).
Although courts have not so defined the term "person interested" as it is used in section 75.07, this Court has similarly construed other terms that have been used to delineate who may intervene in bond validation proceedings. In City of Fort Myers v. State, 129 Fla. 166, 176 So. 483 (1937), this Court determined that a "taxpayer" had standing to intervene in a bond validation proceeding if the taxpayer would be "adversely affected" by the outcome of the proceeding.[3] *1324 Similarly, in Belmont v. Town of Gulfport, 97 Fla. 688, 122 So. 10 (1929), this Court, interpreting the statutory predecessor of section 75.07, found that a "citizen" had standing to intervene in a bond validation proceeding if the citizen had "a justiciable interest in the litigation." (Emphasis added.) In essence, under each of those cases, an individual had to be subject to gaining or losing something as a result of a bond issuance before the individual could intervene. We conclude that these interpretations are equally applicable to the term "person interested" as set forth in section 75.07. Accordingly, we find that a "person interested," within the meaning of section 75.07, is anyone who has a justiciable interest in a bond validation proceeding because he or she stands to gain or lose something as a direct result of the bond issuance.
In reaching this decision, we acknowledge appellants' argument that Meyers v. City of St. Cloud, 78 So.2d 402 (Fla. 1955), compels a contrary conclusion. In Meyers, we stated that if any change in this area had occurred (in the twenty years preceding that decision), "it has been in the direction of liberalizing procedure, and extending the rights of interested persons, on appeal to this court." 78 So.2d at 404. That case, however, dealt with the right of property owners and taxpayers of the City of St. Cloud, who were proper parties to the proceeding, to intervene on appeal. We find Meyers to be inapplicable to a determination of what actually constitutes an interested person.
Turning to the facts before us, we find that the trial judge properly determined that the appellants were not "persons interested" for purposes of intervention. Although the appellants may be "affected" by the acquisition, they have admitted that they will not be "adversely" affected because they will be in the same position after the issuance of the bonds as before the issuance of the bonds. The appellants are not citizens or taxpayers of the District and their only interest extends from their contractual rights, which they concede will not be changed by the validation of the bonds at issue. Under the facts of this case, the appellants will neither gain nor lose by the issuance of the bonds and, consequently, they have no justiciable interest in the outcome of this proceeding.
Accordingly, for the reasons expressed, we affirm the trial court's denial of the appellants' motion to intervene and the trial court's final judgment validating the bonds, finding, without comment, that the otherwise uncontested bonds are being issued for a valid public purpose.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The District was created and organized pursuant to chapter 190, Florida Statutes (1993) (the Uniform Community Development District Act of 1980).
[2] The facilities and improvements were for recreational, cultural, and educational uses; security; water management and control; and landscaping related to recreational amenities and related improvements within the District.
[3] At the time the Court decided the case in City of Fort Myers, the Compiled General Laws of Florida 1927, section 5108, governed intervention in bond validation cases. That section provided, in pertinent part: "Any taxpayer or citizen may become a party to said proceedings; and any party thereto, whether petitioner, defendant or intervenor, dissatisfied with the decree of the court, may appeal therefrom to the Supreme Court... ."