668 So.2d 196 (1996)
Elmanuel ROWE, et al., Appellants,
v.
ST. JOHNS COUNTY, etc., Appellee.
No. 86291.
Supreme Court of Florida.
February 15, 1996.
*197 Jeffrey Grainger, Jacksonville, for Appellants.
James G. Sisco, County Attorney, St. Augustine, and Jean M. Mangu and Tracy S. Carlin of Foley & Lardner, Jacksonville, for Appellee.
HARDING, Justice.
We have on appeal a decision of the trial court declaring a proposed bond issue valid. We have jurisdiction pursuant to article V, section 3(b)(2) of the Florida Constitution, and affirm the decision below.
Pursuant to its home rule power,[1] the Board of County Commissioners of St. Johns County enacted an ordinance authorizing the County to acquire public convention facilities and to issue revenue bonds to finance the facilities. See St. Johns County, Fla., Ordinance 95-21 (May 23, 1995). The ordinance includes a finding that the facilities are "necessary and desirable for the economy and general welfare" of the County, its citizens, and its businesses and industries, and that financing the facilities with the proceeds of bonds was also in the best interest of the County. The ordinance also provides that the bonds will not constitute a general obligation debt or a pledge of the faith and credit of the County, but will be payable solely from specially pledged funds. According to the terms of the ordinance, the issuance of the bonds will not directly, indirectly, or contingently obligate the county to levy or pledge any ad valorem taxes.
Pursuant to chapter 125, the ordinance, and other applicable law, the Board adopted a resolution providing for the acquisition of the convention facilities and authorizing the issuance of $18 million in bonds. See St. Johns County, Fla., Resolution 95-117 (June 13, 1995). According to the terms of the resolution, the bonds will be payable solely from pledged revenues (including fees and payments generated from the facilities), certain non-ad valorem funds budgeted specifically for payment of the bonds, and the proceeds of the bonds.
The circuit court found that the bonds complied with all of the constitutional and legal requirements, and issued a final judgment validating the bonds. Rowe, a party to the action below, filed a timely notice of appeal, but did not submit the initial brief to this Court. The appellants are three citizens who did not intervene in the bond validation proceeding below. However, as citizens and *198 taxpayers of St. Johns County they were proper parties to that proceeding and thus may properly appear for the first time on appeal. See Meyers v. City of St. Cloud, 78 So.2d 402 (Fla.1955).
The scope of judicial inquiry in bond validation proceedings is limited to the following issues: 1) determining if the public body has the authority to issue the bonds; 2) determining if the purpose of the obligation is legal; and 3) ensuring that the bond issuance complies with the requirements of law. Taylor v. Lee County, 498 So.2d 424 (Fla. 1986). In the instant case, the appellants contend that the first condition has not been met; they do not address the other two issues.
As a home rule county, St. Johns County has such powers of self-government as are provided by general and special law. Art. VIII, § 1(f), Fla. Const. Section 125.01(1), Florida Statutes (1995), provides that the governing body of a county "shall have the power to carry on county government." This Court has interpreted this sentence to mean that unless the legislature has preempted a particular subject relating to county government by either general or special law, the county governing body "has full authority to act through the exercise of home rule power." Speer v. Olson, 367 So.2d 207, 211 (Fla.1978).
Section 125.01(1)(w) provides that the governing body of a county has the power to "[p]erform any other acts not inconsistent with law, which acts are in the common interest of the people of the county, and exercise all powers and privileges not specifically prohibited by law." Section 125.01(3) further provides that enumeration of powers in subsection (1) is neither exclusive nor restrictive, but should be "liberally construed" in order to carry out the purpose of the statute and "to secure for the counties the broad exercise of home rule powers authorized by the State Constitution."
In several other bond validation cases, this Court has found that noncharter counties have the authority to issue bonds pursuant to their home rule powers under chapter 125. See Taylor, 498 So.2d at 426; Speer, 367 So.2d at 211; State v. Orange County, 281 So.2d 310, 311 (Fla.1973). In fact, in Orange County, this Court specifically found that section 125.01(1)(c), (r), and (t)[2] authorized Orange County, a noncharter county, to issue capital improvement revenue bonds pursuant to a county ordinance. 281 So.2d at 311.
The appellants argue that section 125.0104, Florida Statutes (1995) (the "Local Option Tourist Development Act"), sections 125.011 and 125.012, Florida Statutes (1995) (relating to certain authorized charter county projects), and chapter 159, Florida Statutes (1995) (the "Revenue Bond Act of 1953"), preclude the County from issuing bonds under chapter 125 because these other statutes contain alternate methods to issue revenue bonds to finance convention center facilities. We find no merit to these arguments. As we explained in Speer, when an act "recites that it is an additional and supplemental grant of power, [it] may be used in addition to other laws on the same subject, but may be rejected by a public entity and another applicable law used in its place." 367 So.2d at 213. Section 125.0104 and chapter 159 expressly state that they are supplemental and additional to any other powers conferred upon counties by law. See §§ 125.0104(5)(c), 159.14, Fla.Stat. (1995). Moreover, in Taylor we rejected the very argument advanced by appellants here. We specifically found that chapter 159 "provides an alternate method of issuing bonds, use of which is optional, not mandatory." 498 So.2d at 426. Appellants' arguments regarding sections 125.011 and 125.012 are not relevant to the instant case as those statutes specifically apply to charter counties, and St. Johns County is a noncharter county.
*199 Accordingly, we find the appellants' argument meritless and affirm the circuit court order validating the bond issuance.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] See Art. VIII, § 1(f), Fla. Const.; ch. 125, Fla. Stat. (1995).
[2] Section 125.01, Florida Statutes (1995), specifies the powers and duties of county government. Subsection (c) authorizes counties to provide and maintain county buildings; subsection (r) authorizes the issuance of bonds, revenue certificates, and other obligations of indebtedness; and subsection (t) authorizes the adoption of ordinances and resolutions necessary for the exercise of the county's powers.