682 So.2d 1089 (1996)
James NOBLE, M.D., Appellant,
v.
MARTIN COUNTY HEALTH FACILITIES AUTHORITY, FLORIDA, Appellee.
No. 87857.
Supreme Court of Florida.
November 7, 1996.
Jordan Fields of Fields & Wilkinson, P.A., Stuart, for Appellant.
Robert Kilbride, Assistant State Attorney, Stuart, on behalf of the State of Florida; Hume F. Coleman and Susan L. Turner of Holland & Knight, Tallahassee; and Paul A. Lester of Fieldstone, Lester & Shear, Miami, for Appellees.
*1090 GRIMES, Justice.
We review a final judgment validating certain bonds the Martin County Health Facilities Authority proposes to issue. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.
The Martin County Health Facilities Authority (the "Authority") was created by the Martin County Board of County Commissioners pursuant to chapter 154, Florida Statutes (1995). Chapter 154 was enacted by the legislature in order to assist counties and municipalities in ensuring that their residents have access to adequate medical care and health facilities. See § 154.203, Fla. Stat. (1995). Section 154.207, Florida Statutes (1995), authorizes each county and municipality to create a health facilities authority. The health facility authority is authorized to issue bonds to pay for the cost of any health facility project and to issue refunding bonds within the geographical limits of the county or municipality which created the authority. § 154.209, Fla. Stat. (1995).
In 1995, the Authority adopted a resolution which authorized the issuance of $45,000,000 in bonds. The bonds are to be used to refund an earlier bond issue and finance capital expenditures, improvements, and equipment for the Martin Memorial Medical Center (the "Medical Center"). The Medical Center is a not-for-profit medical center in Stuart, Florida, which provides health care services in both Martin and St. Lucie Counties.
In January of 1996, the Authority filed a complaint in the Martin County Circuit Court seeking validation of the bonds. The circuit court entered an order to show cause and set a hearing date. Dr. James Noble, a physician, intervened in the bond validation proceeding. Noble objected to the validation of the bonds on the ground that the proceeds from the bonds would be used to expand the Medical Center's facilities in Martin County, thereby enabling the Medical Center to use its other funds to further its business in St. Lucie County, resulting in a competitive advantage.[1]
The circuit court entered a final judgment approving the bonds. It found that the Authority was authorized to issue the bonds, the purpose of the bonds was legal, and the proceedings authorizing the bonds were proper. The circuit court also determined that the matters raised by Noble were collateral issues over which it lacked subject matter jurisdiction.
Noble reasserts on appeal that the bonds give the Medical Center a competitive advantage over other health care providers in St. Lucie County. He argues that the issues deemed collateral by the circuit court actually go to the question of whether the bonds are being issued for a proper public purpose. Noble further asserts that this Court should look at the economic effects of the proceeds of a bond when determining whether the bond is being issued for a proper public purpose.
This Court has consistently held that "[t]he sole purpose of a validation proceeding is to determine whether the issuing body had the authority to act under the constitution and laws of the state and to ensure that it exercised that authority in accordance with the spirit and intent of the law." McCoy Restaurants, Inc. v. City of Orlando, 392 So.2d 252, 253 (Fla.1980). The legislature never intended for bond validation proceedings to be used to decide collateral issues or issues that did not directly address the power to issue bonds and the validity of the proceedings. State v. City of Miami, 103 So.2d 185, 188 (Fla.1958). The scope of this Court's inquiry in bond validation proceedings is thus limited to the following considerations: "1) determining if the public body has the authority to issue the bonds; 2) determining if the purpose of the obligation is legal; and 3) ensuring that the bond issuance complies with the requirements of law." Rowe v. St. Johns County, 668 So.2d 196,198 (Fla.1996).
Noble's appeal raises issues that fall outside the scope of this Court's inquiry in bond *1091 validation proceedings. Noble does not challenge the Authority's authority to issue the bonds or assert that the Authority has failed to comply with the requirements of law. Nor does Noble argue that the bond money is going to be used for something other than providing health care services. Noble instead challenges the public purpose of the bonds based on economic considerations.
Section 154.207(1), Florida Statutes (1995), states that "the exercise by [a health facility] authority of the powers conferred by this part shall be deemed and held to be the performance of an essential public function." Noble concedes that there is a presumption of validity accorded to the legislature's determination that health care facilities serve a public purpose and that he has the burden to show that the circuit court was clearly erroneous in its determination that the bonds at issue serve a public purpose. We find that Noble's arguments regarding the economic effects of the bond money fail to overcome the presumption of validity accorded to the actions of the Authority. In sum, we find that the Authority acted within its authority and complied with all requirements of the law. We uphold the circuit court's determination that Noble's challenge raised collateral issues which fell outside its jurisdiction and affirm the final judgment validating the bonds.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Noble also argued below that the intended trustee for the bonds had allowed the escrow balance for a previously issued hospital bond to go below a mandatory minimum amount. However, Noble did not reassert this issue on appeal.