PER CURIAM.
We have for review a final judgment validating the City of Winter Park’s proposed bond issue. We have jurisdiction pursuant to Article V, section 3(b)(2) of the Florida Constitution, and affirm the decision below.
Electors of the City of Winter Park (City) voted on a bond referendum on June 4,1996, in which the City proposed issuance of general obligation bonds in an amount not to exceed $5,125,000 to finance the purchase of twenty-four acres of a public golf course. Voters had before them this ballot title and summary:
GREEN SPACE (GOLF COURSE) ACQUISITION
Shall the City of Winter Park issue not exceeding $5,125,000 general obligation bonds, bearing interest at not exceeding the maximum legal rate, maturing within 20 years from date of issuance, payable from ad valorem taxes levied on all taxable property in the City area, without limitation as to rate or amount, for financing the acquisition of the Green Space known as the Winter Park Golf Course, as provided in Ordinance No. 2137?
Approximately three-quarters of those voting approved the bond issue. Subsequently, the City filed a complaint in the circuit court for validation of the bonds. Martin Kessler appeared as an intervenor at the circuit court validation hearing and was permitted to intervene. He unsuccessfully challenged the validity of the bonds on the ground that the referendum proceeding was improper. After a hearing, the trial court found that all the requirements of law with respect to the issuance of the bonds had been satisfied. Consequently, the court validated the bonds. This appeal followed.
The scope of this Court’s inquiry in bond validation proceedings is limited to the *762 following considerations: (1) determining whether the public body has the authority to issue the bonds; (2) determining whether the purpose of the obligation is legal; and (3) ensuring that the bond issuance complies with the requirements of law. Noble v. Martin County Health Facilities Auth., 682 So.2d 1089, 1090 (Fla.1996).
In this appeal, Kessler argues that the bond issue does not comply with the requirements of law because the referendum ballot title and summary were misleading in that they did not include information regarding the full purchase price of the property to be financed by the bonds, the method of payment, and the property to be acquired.
In a bond issue referendum, an issuing authority is required to follow the requirements provided in section 100.341, Florida Statutes (1995), which provides:
The ballots used in bond referenda shall be on plain white paper with printed description of the issuance of bonds to be voted on as prescribed by the authority calling the referendum. A separate statement of each issue of bonds to be approved, giving the amount of the bonds and interest rate thereon, together with other details necessary to inform the electors, shall be printed on the ballots in connection with the question “For Bonds” and “Against Bonds.”
Kessler contends that “other details necessary to inform the electors” should have included the $8 million overall cost of the property, a portion of which would be paid from other legally available funds of the City, and the fact that the City already owned part of the golf course property to be financed with the bond issue. We do not agree that including these details in the ballot proposition was necessary for a valid bond issue. Rather, we agree with the trial court’s final judgment stating that the City was not required to include these details in the ballot proposition because the City had conducted a full public discussion of the matter, followed by the City’s purchase option contract, which was public record. See Winterfield v. Town of Palm Beach, 455 So.2d 359, 363 (Fla.1984); Grapeland Heights Civic Ass’n v. City of Miami, 267 So.2d 321, 324 (Fla.1972). Therefore, we find no irregularity or illegality in the proceedings the City conducted for bond validation.
In sum, because we find that the City acted within its authority and complied with all the requirements of the law in issuing the instant bonds, we affirm the trial court’s final judgment validating the bonds.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.