PER CURIAM.
We have for review a final judgment validating Lee County’s proposed bond issue. We have jurisdiction pursuant to article V, section 3(b)(2) of the Florida Constitution. We affirm the decision below.
Pursuant to chapter 163, Florida Statutes, and an Interlocal Agreement, Lee County (County) joined with other political subdivisions to create the Florida Governmental Utility Authority (GUA). The purpose of the Interlocal Agreement was to acquire and operate water and wastewater facilities owned by a private company, the Avatar Corporation or its subsidiaries (Avatar Facilities), one of which was a certain water and sewer facility located in *301 Lee County and owned by Florida Cities Water Company, a private company.
Pursuant to the Interlocal Agreement, the County retained the right to purchase separately that portion of the Avatar Facilities that was within the County’s boundaries. On January 16, 1999, the County adopted Resolution 99-01-30, which authorized the County’s acquisition of the Fort Myers System. On March 16, 1999, the County accepted assignment of the right to purchase the Fort Myers System from GUA and authorized immediate acquisition of the system.
The County approved an addendum to the purchase agreement which separated acquisition of the Fort Myers System into two distinct projects. The initial project was the portion of the Fort Myers System located within the unincorporated area of Lee County (the 1999A Project). The other project consisted of that portion of the Fort Myers System located within the municipal boundaries of the Town of Fort Myers Beach (the 1999B Project). The County’s resolution also established the purchase price of the two projects and set forth details of the bond issuance.
Lee County filed in circuit court a complaint for validation of water and sewer revenue bonds not exceeding $3.5 million. Raymond J. Murphy, Mayor of the Town of Fort Myers Beach (Town), intervened and filed a motion to dismiss. On Septem-. ber 24, 1999, the court found issuance of the bonds to be authorized.
The court found the County to be authorized to issue bonds to: (1) pay the cost of acquisition of a privately owned water system within the boundaries of the Town (the 1999B Project); (2) fund a debt-service reserve account; and (3) if necessary, pay costs associated with the issuance of the bonds. The court stated that the Town is not required to consent to the acquisition. The water system is to be owned and operated by the County. The court found the bond resolution valid and enforceable.
The court found that acquisition of the 1999B project serves a valid public purpose, including but not limited to: (1) it will consolidate water and sewer service within the Town since the County already provides sewer service within boundaries of the Town; (2) it will consolidate County water and sewer billing as well as allow one point of contact for all County water and sewer utility matters within the County; (3) the inclusion of the 1999B Project will help diffuse and mitigate impacts due to significant system repair, replacement or upgrade costs for regulatory compliance in that any such increased costs will be spread over an increased customer base; (4) it will provide customers with increased opportunities for providing input into decisions as to levels of utility services and rates; (5) public ownership of the 1999B Project will provide that customer payments be applied solely toward operation, maintenance, rehabilitation, and expansion of the County’s utility system rather than for taxes and guaranteed profits of a private utility; (6) future economy of scale will save on expenses for expansion; (7) further economy of scale will be realized through consolidation of management, planning, engineering, and operational functions; (8) better planning will be facilitated; and (9) the acquisition will provide a more reliable long-term water supply from multiple wellfields and regional water treatment plants.
Murphy argued that the Town was an indispensable party to the litigation and that the County was required to obtain the Town’s permission to purchase the water system located within the Town’s boundaries. After a hearing, the court denied the motion to dismiss filed by inter-venor Murphy and found to be without merit his constitutional argument that he was denied access to courts. The court noted that the 1999B bonds, being revenue bonds, do not require approval by a vote of the taxpayers, property owners, or citizens of Lee County. The court found that all the requirements of law with respect to *302 the issuance of the bonds had been satisfied. Accordingly, the court validated the bonds. Murphy appeals in this Court. We agree with the trial court’s rulings. Furthermore, we agree that the Town was not an indispensable party.
The scope of this Court’s inquiry in bond validation hearings is limited to the following considerations: (1) determining whether the public body has the authority to issue the bonds; (2) determining whether the purpose of the obligation is legal; and (3) ensuring that the bond issuance complies with the requirements of law. See Noble v. Martin County Health Facilities Auth., 682 So.2d 1089, 1090 (Fla.1996).
After hearing argument and reviewing the record, we find no basis in the record to disturb the trial court’s validation of the bonds. Accordingly, we affirm the final judgment of the circuit court below authorizing the issuance of the bonds.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.