279 So.2d 836 (1973)
STATE of Florida ex rel. Robert L. SHEVIN, Attorney General, Appellant,
v.
Robert KERWIN, City of Safety Harbor Building Official, Appellee.
No. 42947.
Supreme Court of Florida.
June 27, 1973.
*837 Robert L. Shevin, Atty. Gen., and Jerry E. Oxner, Asst. Atty. Gen., for appellant.
William P. O'Malley, Clearwater, for appellee.
ADKINS, Justice.
This cause is before us upon motion of appellee to dismiss the appeal, on the ground that appellant, as Attorney General of the State of Florida, is not empowerd to prosecute an appeal where he was not a party to the action in the trial court. The motion must be, and is, denied.
The Attorney General was granted leave to intervene in the cause by the trial court solely for purposes of appeal after the trial judge had declared the last sentence of Fla. Stat. § 553.38(3), F.S.A., to be unconstitutional. Appellee contends that this allowance is contrary to this Court's pronouncement in Dickinson v. Segal, 219 So.2d 435 (Fla. 1969), but we cannot agree. In Dickinson v. Segal, supra, this Court held that the Comptroller of the State of Florida did not have the right to appeal the decision of the trial judge declaring a state statute to be unconstitutional where the Comptroller had not been a party to the cause in the trial court. It was found that the Comptroller was not bound by the finding of the trial court and was not aggrieved by the decision.
Such findings cannot be applied to the Attorney General where a statute has been found unconstitutional. The Attorney General is the chief legal officer of the State (Fla. Const., art. IV, § 4(c), F.S.A.), and is charged to
"[A]ppear in and attend to in behalf of the state, all suits or prosecutions, civil or criminal, or in equity, in which the state may be a party, or in anywise interested, in the supreme court and district courts of appeal of this state." Fla. Stat. § 16.01, F.S.A.
It cannot be doubted that the constitutional integrity of the laws of Florida is a matter in which the State has *838 great interest, or that the State is a proper, but not necessary, party to any determination of the constitutionality of any state statute. Since many constitutional challenges are raised in a trial court which can be simply disposed of as obviously meritless, it would be futile for the Attorney General to defend each statute against all constitutional challenges at the trial level. However, where the trial court finds a statute to be unconstitutional, it is proper that the Attorney General appear on appeal to defend the statute. In some cases of great magnitude or importance, it might be necessary for the Attorney General to intervene in the cause even at the trial court level.
In either event it would be beneficial to the swift and proper running of justice and to the interests of the State to require that the Attorney General be informed of those causes wherein a constitutional challenge of a statute has been raised, so that the Attorney General can be fully prepared to intervene in those causes in which intervention becomes necessary.
Accordingly, pursuant to our rule-making authority (Fla. Const., art. V, § 2(a), F.S.A.), we hold that the State of Florida, through the Attorney General, is a proper party to any action in which the constitutionality of any general statute is raised, solely as to those papers, pleadings, or orders dealing directly with the constitutional issue. As such, service of those papers shall be made upon the office of the Attorney General, as provided by Rule 1-080, RCP, 30 F.S.A. and Rule 3.030, CrPR., 33 F.S.A.
The motion to dismiss is therefore denied.
It is so ordered.
CARLTON, C.J. and ROBERTS, ERVIN and BOYD, JJ., concur.