436 So.2d 207 (1983)
STATE of Florida ex rel. Stephen L. BOYLES and Stephen L. Boyles, Individually and As State Attorney of the Seventh Judicial Circuit of Florida, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION and sidney L. Jaffe, Respondents.
DIVISION OF FLORIDA LAND SALES AND CONDOMINIUMS, DEPARTMENT OF BUSINESS REGULATION, STATE OF FLORIDA, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION and Sidney L. Jaffe, Respondents.
Jim SMITH, As Attorney General, State of Florida, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION and Sidney L. Jaffe, Respondents.
Nos. AS-96, AS-110 and AS-111.
District Court of Appeal of Florida, First District.
June 9, 1983.
As Corrected on Denial of Rehearing September 8, 1983.
*208 Stephen L. Boyles, pro se.
William A. Hatch, Staff Atty., Dept. of Business Regulation, Tallahassee, for petitioner Div. of Florida Land Sales and Condominiums, Dept. of Business Regulation, State of Fla.
Jim Smith, Atty. Gen., Stephen L. Boyles, Sp. Asst. Atty. Gen., Palatka, and William A. Hatch, Sp. Asst. Atty. Gen., Dept. of Business Regulation, Tallahassee, for petitioner Jim Smith, As Attorney General, State of Fla.
Enoch J. Whitney, Gen. Counsel, Tallahassee, Florida Parole and Probation Com'n, *209 for respondent Florida Parole and Probation Com'n.
Daniel S. Dearing, of Dearing & Smith, Tallahassee, and Fletcher N. Baldwin, Jr., Gainesville, for respondent Sidney L. Jaffe.
SHIVERS, Judge.
Jim Smith, as Attorney General, petitions for common law writ of certiorari, as does Stephen L. Boyles, as State Attorney of the Seventh Judicial Circuit, and as does the Division of Florida Land Sales and Condominiums, Department of Business Regulation. Petitioners seek review of an order of the Parole and Probation Commission which establishes a new Presumptive Parole Release Date (PPRD) for inmate Sidney Jaffe. Because we view the action of the Commission in this case as departing from the essential requirements of law, we grant the Attorney General's petition and quash the subject order.
Jaffe was convicted on February 11, 1982, of 28 violations of section 498.033, Florida Statutes (1981) (registration of subdivided lands section of the Florida Uniform Land Sales Practices Law), a third degree felony, and one violation of section 843.15, Florida Statutes (1981) (failure of defendant on bail to appear), also a felony of the third degree. Jaffe was sentenced to five years on each count, seven of the counts to be served consecutively, and a $5,000 fine on each count. On October 13, 1982, Respondent Commission set November 24, 1988, as Jaffe's PPRD. At that time, the Commission considered Jaffe's proposal to pay restitution in exchange for his release and rejected that proposal by order of October 21, 1982. On November 17, 1982, the Commission reconsidered the same restitution proposal and again rejected it. The Commission order of November 22, 1982, stated that the Commission's action was based on "new information, attorney represented that money is set aside in the bank to make restitution to 27 victims." Jaffe again filed for review on January 11, 1983. This request made no mention of the proposed restitution plan already twice considered and rejected, but it correctly pointed out a computation error made in computing Jaffe's PPRD.
On March 2, 1983, the Commission again considered Jaffe's case. An agenda of the March 2, 1983, meeting had been prepared as required by section 120.53(1)(d), Florida Statutes (1981), but Jaffe's name was not on the agenda. At the March 2nd meeting the Commission entered an order correcting the computation error, but it also agreed to hear "new information" concerning the restitution plan. The Commission voted to mitigate Jaffe's PPRD by sixty (60) months. The resulting order of March 10, 1983, sets Jaffe's PPRD at "May 24, 1983 (conditional)." The "conditions" are spelled out in the order. First, verification is required that the money necessary to reimburse 27 people who suffered a loss as a result of Jaffe's offenses is again placed in escrow in a Florida bank. Money had previously been placed in such an escrow account pursuant to Jaffe's restitution plan but had been withdrawn when the Commission rejected the plan. Second, there is a requirement for verification that each of the 27 people have received an offer to be reimbursed in return for execution of a quitclaim deed to the property involved. Third, there is a requirement that each of the 27 people have either received the reimbursement or declined in writing to accept the offer of reimbursement or have failed to respond. Fourth, the order requires verification of the foregoing conditions before May 1, 1983. The order further provides that should the conditions not be fulfilled, the new PPRD would be vacated, and the PPRD reestablished to be May 24, 1988. Petitioners seek review of the foregoing order of March 10, 1983.
Certiorari is a common law writ which issues in the discretion of the court to an inferior tribunal to review its action and determine whether the inferior tribunal has exceeded its jurisdiction or has not proceeded in accordance with the essential requirements of law in cases where no remedy will lie by appeal. See generally 3 Fla.Jur.2d, Appellate Review § 456 (1978). A threshold question, therefore, is whether the petitioners *210 here could appeal this order of the Commission, for, if so, certiorari would be improper. In Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981), this court set out the criteria for seeking review under section 120.68, Florida Statutes. One such criterion is that appellant must be a party to the action which he seeks to appeal. Since petitioners were not parties before the Commission, under Daniels, petitioners do not have standing to directly appeal the subject order. Therefore, certiorari may be proper. A person need not necessarily be a party to a proceeding in order to obtain certiorari review if he has sufficient interest in the subject matter of the order. Deans v. Wilcoxon, 18 Fla. 531 (1882); see Mackenzie v. Hillsborough County, 288 So.2d 200 (Fla. 1973). See generally 14 Am.Jur.2d, Certiorari § 31 (1964); 3 Fla.Jur.2d, Appellate Review § 455 (1978).
Respondents contend that petitioners lack sufficient standing to bring this action. The point argued most strenuously by respondents is that none of the petitioners have suffered the type of injury which would entitle them to the writ. Respondent Commission cites 14 Am.Jur.2d, Certiorari § 31 (1964) for the proposition that enforcement of the decision reviewed must involve special, immediate, and direct injury to the interests of petitioner. We hold that in the instant case, the Attorney General, representing the people of Florida, has shown such an injury. Jaffe is a convicted felon who has demonstrated a propensity to manufacture injury to the people of this state. If he is paroled improperly, the people of Florida will suffer a direct injury. Further, the public would be injured by Jaffe's improper release since it would tend to undermine the credibility of the criminal enforcement provisions of the Florida Land Sales Act, an act conceived by the legislature to protect the people of Florida from land fraud. Additionally, we find that the facts of this case show a violation of the public notice requirements of section 120.53(1)(d), Florida Statutes (1981). We view this violation as analogous to violations of the Government in the Sunshine Law, section 286.011, Florida Statutes (1981), a violation of which constitutes an irreparable public injury. Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974).
In cases such as the one at bar, where the injury is to the public, the Attorney General has standing as a representative of the people. The Attorney General, as chief law officer of the State, may appear in and attend to all suits or actions in which the State may be "in anywise interested." Section 16.01(4), Florida Statutes (1981). State ex rel Shevin v. Kerwin, 279 So.2d 836 (Fla. 1973). He is the "people's attorney" and may properly intervene in a matter to represent the people in the courts. Watson v. Claughton, 160 Fla. 217, 34 So.2d 243 (Fla. 1948). As Justice Ervin stated in State ex rel Shevin v. Yarborough, 257 So.2d 891 (Fla. 1972) (Ervin, J., specially concurring):
Among the cases above cited are statements to the effect that the Attorney General's discretion to litigate, or intervene in, legal matters deemed by him to involve the public interest is the exercise of a judicial act, and his standing therein cannot be challenged or adjudicated.
Id. at 895. See also Ervin v. Collins, 85 So.2d 852 (Fla. 1956); State ex rel Landis v. S.H. Kress & Co., 115 Fla. 189, 155 So. 823 (1934); State ex rel Davis v. Love, 99 Fla. 333, 126 So. 374 (1930); State ex rel Attorney General v. Gleason, 12 Fla. 190 (1868). We, therefore, hold that in the instant case the Attorney General has standing to represent the interests of the people of Florida. In so holding, we find it unnecessary to decide the standing of Petitioners Boyles and Division of Land Sales and Condominiums, whose arguments are incorporated by reference in the petition of the Attorney General.
The next question is whether the order sought to be reviewed is of the type subject to review by common law certiorari. The Parole and Probation Commission is subject to review by extraordinary remedy. Daniels, supra. Certiorari should be employed in situations where the judgment of an administrative agency represents an exercise of judicial discretion pursuant to a hearing. Solomon v. Sanitarians' Registration *211 Board, 155 So.2d 353 (Fla. 1963); DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957). Certiorari, therefore, would appear to be appropriate to review the subject order.
Respondents, however, contend that the order is non-final, and therefore non-reviewable, because it is "conditional." We note that the order of March 10, 1983, by its terms, appears to be final. It unequivocally sets May 24, 1983, as Jaffe's PPRD, and it requires further action only on the part of Jaffe, not the Commission. Indeed, the order provides that, upon nonfulfillment of the conditions, the new PPRD "shall be vacated and held for naught (mitigation of sixty (60) months removed), and the presumptive parole release date shall be reestablished to be May 24, 1988." It appears, therefore, that the Commission itself believes this order to be final. It would hardly seem necessary to vacate an order if it were non-final. Thus, we view the order of March 10, 1983, as one for which certiorari review is appropriate.
Jaffe, however, also attacks the propriety of reviewing this order by suggesting that this cause is now moot due to the subsequent action of the Commission taken in two orders rendered May 10, 1983. One order, entitled "Special Commission Action," finds that the conditions imposed by the March 10, 1983 order have been met, affirms that order and finds that Jaffe's PPRD remains May 24, 1983. The other order is entitled "Effective Parole Release Date Interview Commission Action." Because the Commission recognized that this court might not act by May 24, 1983, this order decrees that the Commission does not authorize Jaffe's Effective Parole Release Date (EPRD) and extends Jaffe's PPRD to November 24, 1983, due to the litigation pending in this court. It further provides that Jaffe's case will automatically be brought back before the Commission when this court resolves this litigation.
We view these May 10th orders as merely supplemental to the final order rendered March 10, 1983, and these orders do not render this cause moot. The EPRD Interview Commission Action simply recognizes that this court's decision will determine the validity of the order rendered March 10th. The Special Commission Action of May 10th must stand or fall on the foundation of the order it affirms.
We turn now to the merits of petitioner's argument, i.e., whether petitioners have shown a deviation from the essential requirements of law. We think the errors in this case rise to the level of such deviation. The Commission cannot modify a PPRD on its assertion of "new information" where that information has already been considered and acted upon by the Commission in establishing the PPRD. See Jackson v. Florida Parole and Probation Commission, 424 So.2d 930 (Fla. 1st DCA 1983); Jenrette v. Wainwright, 410 So.2d 575 (Fla. 3d DCA 1982). Absent the presence of statutory criteria, PPRD decisions are binding on the Commission. McKahn v. Florida Parole and Probation Commission, 399 So.2d 476 (Fla. 1st DCA 1981). In the instant case, it is clear that the restitution plan presented on behalf of Jaffe was not new, but had previously been considered and rejected when the Commission established Jaffe's initial PPRD.
This error of the Commission is compounded by the fact that the agenda for the March 2, 1983 meeting failed to include the name of Jaffe. Section 120.53(1)(d), Florida Statutes (1981) requires that agencies adopt rules for the scheduling of meetings, one of which is to be that an agenda shall be prepared by the agency in time to insure that a copy of the agenda is received at least seven days before the event by any person in the state. The agenda must contain the items to be considered, and change shall be made only for good cause, as determined by the person designated to preside, and stated in the record. The Commission is required to provide the minimum public information required by section 120.53. Florida Institutional Legal Services, Inc. v. Florida Parole and Probation Commission, 391 So.2d 247 (Fla. 1st DCA 1980). In the instant case Jaffe's name was not on the agenda, and no good cause for changing the agenda appears in the record. The lack of public notice in this case effectively prevented petitioners, and other interested parties, from appearing and having input into the decision of the Commission made at its *212 March 2, 1983 meeting. Interestingly, it is clear from the record that parties interested in obtaining Jaffe's early release from prison obtained advance notice by telephone of the fact that Jaffe's case would be considered at the March 2nd meeting. Jaffe's attorney, his wife, and a representative of the Canadian government all spoke in his behalf, while petitioners and others remained unaware that Jaffe's case was being considered. As discussed supra, we view this situation as analogous to a violation of Florida's Government in the Sunshine Law, a violation of which establishes irreparable injury. We hold that the Commission has in the instant case departed from the essential requirements of law.
Accordingly, the petition of Attorney General Jim Smith for writ of certiorari is granted, the Commission's order of March 10, 1983, is quashed, and this cause is remanded to the Commission for further proceedings not inconsistent with the views expressed in this opinion.
MILLS and BOOTH, JJ., concur.