SUAREZ, J.
Defendant, Omni National Bank (“Omni”), appeals from an order denying its motion to intervene in the action filed by Georgia Bank Company (“GBC”) against Cash Out Mortgage Corp. (“Cash Out”) and Colonial Bank, N.A. (“Colonial”) *1007 and from the default judgment entered in favor of GBC against Cash Out. We reverse and remand.
Cash Out was in the business of locating individuals needing to borrow money to purchase real property and matching them with lending institutions willing to lend money. GBC filed suit against Cash Out alleging that, between May, 2005 and October, 2005, Cash Out defrauded GBC and stole over $900,000, which GBC claims was transferred into one or more Cash Out accounts at Colonial. GBC sought to impose a constructive trust and obtain a temporary injunction, which was granted. The court froze the Cash Out account.
Omni, another lending institution, moved to intervene also claiming ownership to the Cash Out funds at Colonial. In its Motion to Intervene, Omni alleged that Cash Out fraudulently obtained advances of more than a million dollars from Omni and diverted that money to the Cash Out account in question. The trial court denied Omni’s motion to intervene, granted a default judgment in GBC’s favor, and directed Colonial to deliver the funds to GBC. This appeal follows.
“[AJnyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.” Fla. R. Civ. P. 1.230. In order for a party to intervene, its interest “must be in the matter in litigation, and of such a direct and immediate character that the interve-nor will either gain or lose by the direct legal operation and effect of the judgment.” Union Cent. Life Ins. Co. v. Carlisle, 593 So.2d 505, 507 (Fla.1992). The intervenor must accept the record and pleadings as they exist in the litigation and the intervenor may not raise any new issues. Nat’l Wildlife Fed’n, Inc. v. Glisson, 531 So.2d 996, 998 (Fla. 1st DCA 1988) (citing Williams v. Nussbaum, 419 So.2d 715 (Fla. 1st DCA 1982)); see also Coast Cities Coaches, Inc. v. Dade County, 178 So.2d 703 (Fla.1965).
Omni accepted the pleadings as they existed and did not attempt to raise any new or competing claims in the litigation. The existing issue was ownership over the money in the Colonial account. Omni asserted that it was defrauded by Cash Out and claims that the money in the account belongs to Omni as it is money diverted by Cash Out from Omni. Riviera Club v. Belle Mead Dev. Corp., 141 Fla. 538, 194 So. 783 (1940)(intervenor cannot raise any new claims but must argue how the issues before the court relate to the intervenor); United States v. State, 179 So.2d 890, 893 (Fla. 3d DCA 1965)(an in-tervenor cannot contest the plaintiffs claim but may assert the intervenor’s right to the property in question). Therefore, Omni has timely and properly brought this motion to intervene. We reverse the trial court’s order and remand.
We also reverse the default judgment entered by the trial court. The default judgment was entered subsequent to the trial court’s denial of Omni’s rightful motion to intervene and to participate in the litigation.
Reversed and remanded.