BENTON, C.J.
As Attorney General of the State of Florida, Pamela Jo Bondi seeks review of a final declaratory and injunctive judgment entered in Circuit Court. The Secretary of the Department of Corrections, against whom the final declaratory and injunctive judgment was actually entered, has not appealed. Like any other non-party in the trial court, the Attorney General lacks *1108 standing to initiate an appeal on her own. We therefore dismiss the appeal.
In the circuit court proceedings that culminated in the final declaratory and in-junctive judgment, the Attorney General did not participate as a party in her own right: Her office’s only role was as counsel for the Department of Corrections (DOC). The judgment she now seeks to overturn declared unconstitutional proviso language in last year’s General Appropriations Act, ch. 2011-69, § 4, at 1215-17, Laws of Florida, pertaining to the 2011-2012 budget for DOC, and enjoined DOC’s implementing the proviso language.
A notice of appeal timely filed by a party is necessary in order to perfect an appeal from a final judgment. “The notice of appeal shall ... contain ... the name and designation of at least 1 party on each side.” Fla. R. App. P. 9.110(d) (emphasis supplied). In the present case, on October 31, 2011, the last day allowed for an appeal, see Fla. R. App. P. 9.110(b) (requiring notice to be filed within 30 days of rendition), the Attorney General filed [1] a notice of appeal of the trial court’s order, not on behalf of any party to the proceedings below, but “in her capacity as the Attorney General of the State of Florida and pursuant to her [putative] authority under § 16.01(4), Fla. Stat.”
A party who suffers an adverse judgment in circuit court has the right to appeal, but non-parties whose rights have not been adjudicated have no right of appeal. See Portfolio Invs. Corp. v. Deutsche Bank Nat’l Trust Co., 81 So.3d 534, 536 (Fla. 3d DCA 2012) (“Generally, a non-party in the lower tribunal is a ‘stranger to the record’ and, therefore, lacks standing to appeal an order entered by the lower tribunal.”); Morrell v. Nat’l Health Investors, Inc., 876 So.2d 580, 580-81 (Fla. 1st DCA 2004) (“This appeal is hereby dismissed. Appellate review is limited to the parties in the lower tribunal. As David E. Morrell was not a party to the proceedings below, he cannot participate in appellate review.” (citation omitted)); Stas v. Posada, 760 So.2d 954, 955 (Fla. 3d DCA 1999) (“Appellant Juan Mueller was not a party below and made no effort to intervene in the action. Consequently, he ... is precluded from seeking appellate review.”).
Even class members who are already parties and bound by a judgment must intervene as named parties in the trial court before they can appeal. See Ramos v. Philip Morris Cos., Inc., 714 So.2d 1146, 1147 (Fla. 3d DCA 1998) (“We agree with the Fourth District that ‘non-named class members must intervene formally in the class action to gain standing to appeal.’ Concerned Class Members[ v. Sailfish Point, Inc., 704 So.2d 200, 201 (Fla. 4th DCA 1998) ].”). With rare exception, failure to participate as a party in the lower tribunal precludes the ability to invoke appellate proceedings. See Barnett v. Barnett, 705 So.2d 63, 64 (Fla. 4th DCA 1997) (“The general rule is that a non-party is a ‘stranger to the record’ who cannot ‘transfer jurisdiction to the appellate court.’ ” (quoting Forcum v. Symmes, 101 Fla. 1266, 133 So. 88 (1931))). But see Smith v. Chepolis, 896 So.2d 934, 935-36 (Fla. 1st DCA 2005) (finding nonparty deemed responsible for workers’ compensation benefits could appeal final order entered by judge of compensation claims so ruling). Like other rules of finality, rules restricting who can appeal foster sta *1109 bility and good order. “The doctrine of decisional finality provides that there must be a ‘terminal point in every proceeding both administrative and judicial, at which the parties and the public may rely on a decision as being final and dispositive of the rights and issues involved therein.’ ” Fla. Power Corp. v. Garcia, 780 So.2d 34, 44 (Fla.2001) (quoting Austin Tupler Trucking, Inc. v. Hawkins, 377 So.2d 679, 681 (Fla.1979)).
The Attorney General is in many ways no ordinary litigant. She has important and far-ranging responsibilities, including the “power to institute litigation on [her or] his own initiative.” State ex rel. Shevin v. Exxon Corp., 526 F.2d 266, 271 (5th Cir.1976). Section 16.01(4), Florida Statutes (2011), provides that the Attorney General “[s]hall appear in and attend to, in behalf of the state, all suits or prosecutions, civil or criminal or in equity, in which the state may be a party, or in anywise interested, in the Supreme Court and district courts of appeal of this state.” Under this statute, as at common law, the Attorney General has broad authority to litigate matters in the public interest:
[I]t is the inescapable historic duty of the Attorney General, as the chief state legal officer, to institute, defend or intervene in, any litigation or quasi-judicial administrative proceeding which he determines in his sound official discretion involves a legal matter of compelling public interest....
The courts of this state have long recognized this advocacy authority, and litigation duty of the Attorney General. It derives from the common law and in only rare instances has the Legislature otherwise provided. See State ex rel. Attorney-General v. Gleason, 12 Fla. 190; State ex rel. Moodie v. Bryan, 1905, 50 Fla. 293, 39 So. 929; State ex rel. Landis v. S.H. Kress & Co., 1934, 115 Fla. 189, 155 So. 823; State ex rel. Davis v. Love, 1930, 99 Fla. 333, 126 So. 374; State ex rel. Crim v. Juvenal, 1935, 118 Fla. 487,159 So. 663; Barr v. Watts, Fla., 70 So.2d 347; Ervin v. Collins, Fla.1956, 85 So.2d 852, and State ex rel. Ervin v. Jacksonville Expressway Authority, Fla.1962,139 So.2d 135.
State ex rel. Shevin v. Yarborough, 257 So.2d 891, 894-95 (Fla.1972) (Ervin, J., specially concurring). We recognize that the “office of the Attorney-General is a public trust .... [and that s]he has been endowed with a large discretion ... in ... matters of public concern,” State v. Gleason, 12 Fla. 190 (Fla.1868), and acknowledge and affirm the Attorney General’s “discretion to litigate, or intervene in, legal matters deemed by him [or her] to involve the public interest ... and [that] his [or her] standing ... can not be challenged or adjudicated.” Id. at 895 (Ervin, J., specially concurring). See also Thompson v. Wainwright, 714 F.2d 1495, 1500-01 (11th Cir.1983). But the Attorney General did not exercise her “discretion to litigate” in the circuit court proceedings, and never sought intervention here or below.
Proceedings began when James Baiardi, John McKenna, Shanea Maycock, and the Florida Police Benevolent Association, Inc. filed their complaint against the DOC Secretary in circuit court for declaratory judgment and injunctive relief, seeking to invalidate proviso language understood as intended to require DOC to issue a request for proposals to “privatize” twenty-nine correctional facilities in DOC’s Region IV.[2] Proceedings in circuit court con- *1110 eluded on September 30, 2011, when the trial court entered judgment ruling (on cross motions for summary judgment) that the privatization directive in the Appropriations Act violated Article III, sections 6 and 12, of the Florida Constitution, and enjoining DOC from taking any further steps to implement the proviso. At no time did the Attorney General file a motion to intervene in the trial court proceedings.[3]
When the Attorney General does appear in court as a party litigant, she is subject to the same rules of judicial procedure which other litigants must observe.[4] Whether as litigant or as counsel, the Attorney General must comply with court rules and court orders. The separation of powers between judicial and executive branches requires no less.[5] Our supreme court recognized as much in Watson v. Claughton, 160 Fla. 217, 34 So.2d 243, 244-45 (1948), where the Attorney General filed an “Answer and Motion to Dismiss” and “Reply to and Motion to Dismiss Counterclaim,” both of which the trial court struck on the narrow ground that it had previously denied the Attorney General’s petition to intervene in the action. Because review of the prior order had not been sought, the prior order denying intervention had become final.
Seeking review of the later interlocutory order, the Attorney General filed a petition for writ of certiorari, arguing that he was entitled, despite the unchallenged order denying his intervention, to participate as a party, citing section 87.10, Florida Statutes (1941), which provided that “[i]n any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general of the State of Florida ... shall also be served with a copy of the proceedings and be entitled to be heard.” Id. at 246. Our supreme court ruled that the Attorney General was bound by the circuit court’s earlier order denying intervention,[6] saying of the Attorney General: “The statute provides that he should be ‘heard,’ which *1111 means that he should be heard according to the merits of what he presented at the hearing and that he should be amenable to the Court’s rulings, as are other petitioners.” Id.
Even a party able to intervene as a matter of right must obtain a court order allowing intervention. See Sullivan v. Sapp, 866 So.2d 28, 33 (Fla.2004) (“Unquestionably, any time a party seeks to intervene in a cause of action, a two-step process is implicated. First, the court must address whether intervention is proper. Only after the court has determined that intervention is proper does it become necessary to move to the second step, which involves consideration of the merits of the intervenor’s claim.”). An order allowing intervention, albeit of the Attorney General, is no mere formality. A court has discretion in imposing any conditions on the intervenor necessary to preserve the original parties’ rights, inasmuch as “the rights of an intervenor are subordinate to the rights of the parties.” Envtl. Confederation of S.W. Fla., Inc. v. IMC Phosphates, Inc., 857 So.2d 207, 210 (Fla. 1st DCA 2003).
Our supreme court has identified as an exception to what it called, in Dickinson v. Segal, 219 So.2d 435, 436 (Fla. 1969), “the general rule — universally—... that intervention may not be allowed after final judgment”: On appropriate conditions, a court may allow the attorney general to intervene after judgment has been entered, in order to argue on appeal as an intervenor for the constitutionality of a statute “where the trial court finds a statute to be unconstitutional.” State ex rel. Shevin v. Kerwin, 279 So.2d 836, 837-38 (Fla.1973) (“The Attorney General was granted leave to intervene in the cause by the trial court solely for purposes of appeal after the trial judge had declared the last sentence of Fla. Stat. § 553.38(3), F.S.A., to be unconstitutional.”). But in the present case, as we have said, the Attorney General never sought to intervene, either here or in the trial court.[7] There is not, of course, any regularly invoked appellate proceeding into which she can intervene, since she alone sought to initiate appellate proceedings.
The Attorney General has not asked us to treat her notice of appeal as a petition for writ of certiorari. Nor could we do so on this record. Certiorari is an extraordinary remedy that is not available to a litigant who, like the Attorney General in the present case, had an adequate remedy at law.[8] See In re D.R.C., 67 So.3d 251, *1112 253 (Fla. 2d DCA 2010) (“[Rjelief by means of certiorari is not available when ... the petitioner has another remedy.”). Although we have general “authority to treat a notice of appeal as a petition for writ of common law certiorari, in keeping with Florida Rule of Appellate Procedure 9.040(c) (‘If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought ....’), see Pridgen v. Board of County Comm’rs of Orange County, 389 So.2d 259 (Fla. 5th DCA 1980), review denied, 397 So.2d 777 (Fla.1981), the present case does not warrant the grant of a petition for writ of common law certiorari, either.” Naghtin v. Jones, 680 So.2d 573, 576 (Fla. 1st DCA 1996). Apart from the absence of another, adequate remedy, certiorari relief also requires the petitioner to demonstrate a departure from the essential requirements of law in the lower tribunal causing “material injury to the petitioner.” Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987). We need not and do not reach, much less decide, either of these additional questions, but material injury is plainly highly unlikely if the case is now moot because the 2011-12 fiscal year has run.
Not having moved to intervene as a party below, the Attorney General lacked authority to initiate an appeal. We are therefore without jurisdiction to review the trial court’s judgment, and the appeal must be dismissed.
Dismissed.
CLARK, J., concurs; SWANSON, J„ specially concurs.

. Also on October 31, 2011, the Attorney General filed a notice of appearance in the trial court. This notice of appearance is not in the record and cannot be located in the trial court. But the trial court docket printout describes the notice of appearance as filed "on behalf of Edwin G. Buss as Secretary of FL Dept of Correction (Defendant).”

. In the ensuing legislative session, an attempt to "privatize” prisons by general law, see Fla. CS for SB 2038 (2012), failed to pass the Senate. See Fla. S. Jour. 517 (Reg.Sess. Feb. 14, 2012). The existing substantive law on the subject allows, but does not require, *1110 "privatization.” See § 944.105(1), Fla. Stat. (2011).

. Where a trial court denies intervention, an appeal lies. See Litvak v. Scylla Props., LLC, 946 So.2d 1165, 1172 (Fla. 1st DCA 2006) (" ‘An order denying a motion to intervene is final as to and appealable by the movant.' " (quoting Y.H. v. F.L.H., 784 So.2d 565, 567-68 (Fla. 1st DCA 2001))). If intervention as a party in the trial court proceedings has been disallowed in error, participation as a party can be ordered. See, e.g., Omni Mat’l Bank v. Ga. Banking Co., 951 So.2d 1006, 1007 (Fla. 3d DCA 2007) (reversing default judgment which was “entered subsequent to the trial court's denial of Omni's rightful motion to intervene”).

. By court rule, all public bodies and public officers are afforded special treatment as regards stays pending review. See Fla. R.App. P. 9.310(b)(2). But this is largely because requiring governmental entities to post appeals bonds is not routinely necessary or appropriate, and does not in any event threaten the separation of powers. In authorizing "the lower tribunal or the court ... [to] impose any lawful conditions, or vacate the stay,” id., moreover, Rule 9.310(b)(2) treats the government on a par with private litigants.

.
The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.
Art. II, § 3, Fla. Const.

. The supreme court explained that the Attorney General had been "heard” on his petition for intervention, and that, because he did not seek review of the order denying intervention, it had become final. Watson v. Claughton, 160 Fla. 217, 34 So.2d 243, 246 (1948).

. At oral argument, we were informed that the Attorney General would have moved to intervene post-judgment in the present case, if an Assistant Attorney General had not decided that he had run out of time to obtain a ruling by the trial court allowing intervention.

. Intervention as a party would have supplied a fully adequate remedy. The Attorney General could have intervened in the proceedings below, participated as an intervenor (or even have intervened post-judgment), and then as a party in the trial court taken an appeal. Her right to intervene as a party below was clear. "It cannot be doubted that the constitutional integrity of the laws of Florida is a matter in which the State has great interest, or that the State is a proper, but not necessary, party to any determination of the constitutionality of any state statute.... [WJhere the trial court finds a statute to be unconstitutional, it is proper that the Attorney General appear on appeal to defend the statute.” State ex rel. Shevin v. Kerwin, 279 So.2d 836, 837-38 (Fla. 1973). She had an adequate remedy at law.
While we granted the Attorney General’s petition for writ of certiorari in State ex rel. Boyles v. Florida Parole & Probation Commission, 436 So.2d 207 (Fla. 1st DCA 1983), even though he had not been a party to proceedings before the Parole Commission, we said there, too, that if the Attorney General could have appealed the Commission’s order, cer-tiorari would have been unavailable as a remedy. Id. at 209-10. We reasoned that one *1112 seeking review of agency action must have been a party to the administrative proceedings under the Administrative Procedure Act, and that, because the Attorney General had not been, he did not have standing to appeal the order under section 120.68, Florida Statutes. Id. at 210. Section 120.68 has no application in the present case, and we are aware of no authority for post-final-order intervention in Parole Commission cases. See generally Ahlers v. Wilson, 867 So.2d 524, 527 n. 2 (Fla. 1st DCA 2004) (citing lack of administrative procedures analogous to Florida Rule of Civil Procedure 1.540 as basis for granting writ of certiorari in workers’ compensation case). It is also clear in the present case that the Attorney General was fully cognizant of the proceedings in circuit court.