# Third District Court of Appeal

## State of Florida

Opinion filed June 24, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2062
Lower Tribunal No. 11-13661
_____

**The State of Florida,**
Appellant,

vs.

**Florida Workers' Advocates, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Pamela Jo Bondi, Attorney General, and Allen Winsor, Solicitor General, Adam S. Tanenbaum, Chief Deputy Solicitor General, and Osvaldo Vasquez, Deputy Solicitor General (Tallahassee), for appellant.

Mark L. Zientz and Richard A. Sicking, for appellees.

Sugarman & Susskind, P.A., and Noah Scott Warman for Florida Professional Firefighters as amicus curiae.

Michael J. Winer and Geoff Bichler, for Florida Justice Association; Fraternal Order of Police; Police Benevolent Association; and International Union of Police Associations, as amici curiae.

Akerman LLP and Katherine E. Giddings, Kristen M. Fiore, Gerald B. Cope, Jr., and William W. Large for the Florida Chamber of Commerce and the Florida Justice Reform Institute as amici curiae.

Gunster Yoakley & Stewart and Kenneth B. Bell for Associated Industries of Florida; Associated Builders and Contractors of Florida; The Florida Insurance Council; The Property Casualty Insurers Association of America; Florida Roofing, Sheet Metal and Air Conditioning Contractors Assn.; The National Federation of Independent Business; The Florida United Businesses Assn., Inc.; Sedgwick Claims Management Services; The Florida Assn. of Insurance Agents, Inc.; The Florida Restaurant and Lodging Assn., Inc.; and the Florida A.G.C. Council, Inc., as amici curiae.

Before SHEPHERD, C.J., and LAGOA and SALTER, JJ.

SALTER, J.

The State of Florida appeals a final summary judgment determining that section 440.11, Florida Statutes (2014), the "exclusiveness of liability" provision of the Florida Workers' Compensation Law that immunizes from suit an employer and its employees for covered, work-related injuries, is facially unconstitutional under the United States and Florida Constitutions. Concluding that the threshold requirements for the prosecution of such claims were not met, we reverse.

I.    Proceedings Below

The initial claims and parties in this case at its inception in 2011 were transformed by the present appellants and their counsel into a completely different set of claims and parties over the three years which followed. In the process, the case lost (1) the essential elements of a justiciable "case or controversy," (2) an

2

identifiable and properly-joined defendant, and (3) a procedurally proper vehicle for the trial court's assessment of the constitutionality of section 440.11.

### A. Cortes v. Velda Farms

The case began with a caption unrecognizable in the style of the final summary judgment and this appeal. Julio Cortes, an employee of Velda Farms, LLC, filed the circuit court complaint alleging that he was injured in 2010 while operating equipment for Velda Farms. Mr. Cortes's wife was a co-plaintiff, seeking damages for loss of consortium. The complaint acknowledged the applicability of the Workers' Compensation Law and the prior submission of Mr. Cortes's claim to the Judge of Compensation of Claims in Tallahassee. The complaint asserted that Velda Farms and its employees were negligent in the operation of Mr. Cortes's workplace, and that Velda Farms should be estopped from claiming immunity under the Workers' Compensation Law because of the denial of Mr. Cortes's claim by Velda Farms and its insurer.

Velda Farms denied the allegations of the complaint[1] and asserted numerous affirmative defenses, including workers' compensation immunity. To this point, no party had raised an issue relating to the constitutionality of section 440.11.

---

[1] Velda Farms initially moved to dismiss the complaint based upon the immunity conferred by section 440.11 of the Workers' Compensation Law. The motion was granted as to Cortes's estoppel count, but denied as to his negligence claim and his wife's loss of consortium claim.

3

In 2012, Mr. and Mrs. Cortes filed an amended complaint including new allegations and an additional (fourth) count seeking a declaratory judgment that sections 440.09[2] and 440.11 of the Workers' Compensation Law are facially unconstitutional or are unconstitutional as applied to Mr. Cortes. The plaintiffs did not join the State of Florida as an additional defendant, but did mail a "notice of constitutional question," under Florida Rule of Civil Procedure 1.071 and Form 1.975, to the Attorney General of Florida.

### B.  Intervention by the Advocacy Groups

Several months later, Florida Workers' Advocates ("FWA") and the Workers' Injury Law and Advocacy Group ("WILG") sought and were granted intervention as additional plaintiffs.  WILG alleged that it "is a nationwide organization with attorney members licensed to practice in the State of Florida who devote themselves to protecting the rights of Florida Citizens and upholding Florida Civil Justice System [sic]."  FWA alleged that:

> FWA is a statewide organization with attorney members licensed to practice in the State of Florida who devote themselves to protecting the rights of the citizens of Florida and upholding the Florida Civil Justice System and Florida Constitution.  FWA members would be affected by the declaration giving them the right to a choice to file suit for their clients instead of the exclusive remedy in Chapter 440, the Workers' Compensation Act.  FWA members assert they have great interest in any action that would improve the rights of injured workers.

---

[2] Section 440.09 addresses the scope of coverage for on-job injuries.

In early 2013, Velda Farms voluntarily dismissed its affirmative defense of workers' compensation immunity as to Mr. Cortes's injury claims. It moved to strike or dismiss claims other than negligence and loss of consortium, or for partial summary judgment on those non-tort claims. Velda Farms contended that any remaining claims relating to statutory workers' compensation issues—including the declaratory judgment relief sought by WILG and FWA—had become moot and should be dismissed for lack of subject matter jurisdiction.

In response, WILG and FWA moved the trial court to sever the declaratory judgment count and to recognize their independent standing to test the constitutionality of the workers' compensation statutes. In that motion, WILG and FWA conceded that (1) Velda Farms "no longer has standing to respond to Count IV, the Count for declaratory relief," and (2) that the Attorney General of Florida was not a party in the case, though it had been mailed the notice of a constitutional question pursuant to Florida Rule of Civil Procedure 1.071.

The motion to sever Count IV was granted by stipulation between the intervenors and Velda Farms. Although the Attorney General had not filed a notice of appearance or responsive pleading in the case, the trial court ordered that Count IV "shall go forward to be tried separately by parties intervenors against the State of Florida, Office of Attorney General pursuant to the February 15, 2012 service on the Attorney General of a Notice of Constitutional Question and

5

Plaintiff's compliance with Rule 1.071 Florida Rules of Civil Procedure."  The trial court nonetheless directed that the action be recaptioned "In re: An Action for Declaratory Judgment seeking a judgment that s.440.11 Fla. Stat. 2003 is invalid," with WILG and FWA designated as "petitioners" and the State of Florida, Office of the Attorney General, as "respondent."

The trial court denied the pending motion of WILG and FWA for summary judgment on the declaratory judgment count, concluding that the two advocacy groups lacked standing.

### C.    Padgett v. [?]

Next, Elsa Padgett, an individual workers' compensation claimant in an unrelated matter (an alleged 2012 on-job injury by the Miami-Dade County employee) sought intervention as a new plaintiff regarding the declaratory judgment count.  Ms. Padgett alleged that she had obtained medical care and limited economic benefits under the County's workers' compensation program of self-insurance, but needed declaratory relief to determine "whether or not workers' compensation benefits are my exclusive remedy for my on the job injury in light of the fact that there is no compensation benefit in the law for my loss of wage earning capacity . . . ."  Ms. Padgett alleged that "the Attorney General has been previously contacted in this cause and has expressed an intention not to participate at the trial level."

6

Ms. Padgett's motion to intervene was granted, and she then filed an amended motion for summary final judgment on the declaratory judgment count. The motion was supported by affidavits from Ms. Padgett and from numerous attorneys with experience in workers' compensation cases, and by the videotaped deposition of an emeritus professor from Rutgers University and Cornell University. Throughout this phase of the case, and as with WILG and FWA previously, Ms. Padgett did not name the State or the Attorney General as a defendant, nor did she serve them with original process.

### D. The Order to Show Cause; Summary Final Judgment

The trial court then issued a "sua sponte order to show cause" why the amended motion for summary judgment filed by Ms. Padgett, WILG, and FWA should not be granted, noting that the court "has not received a response from the State of Florida's Attorney General's Office, even though the record indicates proper service."[3] The State advised the trial court in a written response to the show cause order that "neither the State of Florida nor the Attorney General is a party in this action," and that the trial court "simply lacks subject matter jurisdiction to do what the intervenors once again ask it to do."[4]

[3] Apparently the trial court accepted the argument that a notice of a constitutional challenge mailed to the Attorney General is sufficient to align and implead the State of Florida as a defendant. In reality, however, the State had not been joined or named as a defendant, had not been properly served with original process, had never filed any responsive pleading, and was under no procedural or statutory compulsion to do so.

7

After reviewing the State's response and the record, the circuit court entered a twenty-page order granting the petitioners' amended motion for summary final judgment on the declaratory judgment issues. The court concluded that "the Florida Workers' Compensation Act, as amended effective October 1, 2003, does not provide a reasonable alternative remedy to the tort remedy it supplanted. It therefore cannot be the exclusive remedy. §440.11 is constitutionally infirm and invalid." This appeal followed.

II.     Analysis

Two threshold legal issues—mootness and lack of standing—each preclude Ms. Padgett, FWA, and WILG from pursuing the constitutional claims and obtaining the relief granted below. We reverse the decision below on each of those issues. Because we find the issues dispositive, we decline to review the trial court's analysis of the appellees' state and federal constitutional claims.

A.     Case or Controversy; Mootness

The only original defendant named as a party and duly served with process relating to the declaratory judgment count was Velda Farms. When Velda Farms dismissed its affirmative defense of workers' compensation immunity vis-à-vis Mr. Cortes, the declaratory judgment count became moot, and any further proceedings

4 Although preserving the primary arguments that the underlying case was moot and that the State had never been joined as a defendant, the State's response to the order to show cause also argued that the workers' compensation statutes are constitutional.

8

were an intervenors-only exercise. The Attorney General of Florida was not a party to the case below.

Florida Rule of Civil Procedure 1.071, requiring a mailing by certified or registered mail to the Attorney General when a pleading, motion, or other paper draws into question the constitutionality of a state statute,[5] specifically provides that the mailing "does not require joinder" of the Attorney General as a party to the action. While this grants the Attorney General the discretion to participate and be heard in a particular case, Rule 1.071 neither compels such participation nor joins the Attorney General as a party. See In re Amends. To Fla. R. Civ. P., 52 So. 3d 579, 582 (Fla. 2010) (Committee Notes to 2010 Adoption); State ex rel. Shevin v. Kerwin, 279 So. 2d 836, 838 (Fla. 1973) ("Since many constitutional challenges are raised in a trial court which can be simply disposed of as obviously meritless, it would be futile for the Attorney General to defend each statute against all constitutional challenges at the trial level."[6]).

---

[5] The provision also applies when the challenge is directed to a county or municipal charter, ordinance or franchise.

[6] In the next sentence in Shevin, however, the Supreme Court of Florida confirmed that the Attorney General has the right to "appear on appeal to defend the statute" when a trial court has found, as here, a statute to be unconstitutional—even in a case in which the State and Attorney General elected not to defend the statute in the trial court. Shevin, 279 So. 2d at 838.

The appellees argue in response that their constitutionality challenge satisfies the requirements of an exception to mootness, an exception applicable to cases that are "capable of repetition, yet evading review." Johnson v. State, 60 So. 3d 1045, 1049 (Fla. 2011) (citing State v. Matthews, 891 So. 2d 479, 484 (Fla. 2004)). In Matthews, the Supreme Court of Florida also described a mootness exception applicable to a case when "the question before this Court is of great public importance and likely to recur." Id. at 483 (citing Holly v. Auld, 450 So. 2d 217, 218 n. 1 (Fla. 1984)). Florida appellate courts have also recognized federal decisions applying the mootness exception, "capable of repetition, yet evading review:"

> [T]here is a narrow, but well-established, exception to the mootness doctrine for controversies that are "capable of repetition, yet evading review." Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 563, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980) (citing Southern Pacific Terminal, Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed 310 (1911)). That exception applies when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party will be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).

Morris Publ'g Grp., LLC v. State, 136 So. 3d 770, 776 (Fla. 1st DCA 2014).[7]

On the present record, and no matter which of these formulations is applied, the present case is moot. This is so because claimant injuries, worker's

---

[7] See also Fla. Dep't of Children & Families v. Davis Family Day Care Home, 160 So. 3d 854 (Fla. 2015) (Canady, J., dissenting).

compensation claims, and employer defenses are individualized; and such cases have not been shown, as a category of cases, to be short in duration or to "evade review."

## B. Standing

Regarding the intervenors' claims of standing, the State's arguments are also well taken. As intervenors, Ms. Padgett, WILG, and FWA took the procedural posture of the case as it stood when they were allowed to intervene. Omni Nat'l Bank v. Ga. Banking Co., 951 So. 2d 1006 (Fla. 3d DCA 2007). Their intervention was in subordination to the then-existing claims in the lawsuit. Fla. R. Civ. P. 1.230; Let Miami Beach Decide v. City of Miami Beach, 120 So. 3d 1282 (Fla. 3d DCA 2013); Hoechst Celanese Corp. v. Fry, 693 So. 2d 1003, 1008 (Fla. 3d DCA 1997). The case law does not support some sort of "piggy-back" standing by an intervenor based exclusively on a predecessor plaintiff's subsequently-dismissed claim.

> Intervention is a dependent remedy in the sense that an intervenor may not inject a new issue into the case. . . . Furthermore, the rights of an intervenor are conditional in that they exist only so long as the litigation continues between the parties. For example, a voluntary dismissal by the party asserting a claim will generally foreclose the rights of an intervenor who wished to address that claim.

Envtl. Confed'n of Sw. Fla. Inc. v. IMC Phosphates, Inc., 857 So. 2d 207, 211 (Fla. 1st DCA 2003) (citations omitted).

As associations of workers' compensation practitioners throughout the United States (WILG) and Florida (FWA), these advocacy groups may have an economic interest in establishing their clients' rights to file tort claims, but that indirect interest does not confer standing upon them in the present case. McCarty v. Myers, 125 So. 3d 333, 336-37 (Fla. 1st DCA 2013) (finding that, in an access-to-courts constitutional challenge by health care providers to certain statutes governing personal injury protection ("PIP") coverage, loss of PIP-claim revenue did not confer standing on the providers).

Nor do WILG and FWA satisfy the established requirements for association standing in this case. See Warth v. Seldin, 422 U.S. 490, 510 (1975). Addressing only the first of those requirements, the associations in the present case are not suffering immediate or threatened injury of the kind comprising a justiciable issue had an individual member of the association—in this case, an attorney regularly representing workers' compensation claimants—brought the action. See also Hillsborough Cnty. v. Fla. Rest. Ass'n, Inc., 603 So. 2d 587 (Fla. 2d DCA 1992).

III.    Conclusion

For these reasons, we conclude that the trial court lacked a justiciable case or controversy within which to determine, and the intervenor/appellees lacked standing to assert, that the challenged provisions of the Florida Workers' Compensation Law are unconstitutional. The summary final judgment below is

12

reversed. The case is remanded for the dismissal of Count IV of the amended complaint.