# Third District Court of Appeal

## State of Florida

Opinion filed June 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1645
Lower Tribunal No. 20-14247
_____

**International Speedway Corporation,**
Appellant,

vs.

**GEICO Corporation, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Barnes & Thornburg LLP and Robert C. Folland (Palm Beach Gardens); Heise Suarez Melville, P.A., and Luis E. Suarez, Mark J. Heise and Patricia Melville, for appellant.

Thomas, Alexander, Forrester & Sorensen LLP and Steven W. Thomas (Las Vegas, NV); Berger Singerman LLP and Paul Steven Singerman and Gavin C. Gaukroger, for appellee Receiver Neil F. Luria.

Before EMAS, LINDSEY and LOBREE, JJ.

PER CURIAM.

Affirmed. See Fasig v. Fla. Soc'y of Pathologists, 769 So. 2d 1151, 1153 (Fla. 5th DCA 2000) ("The power to grant or deny intervention in a pending litigation rests within the sound discretion of the trial court and will not be disturbed without a showing of abuse of discretion."); Fla. R. Civ. P. 1.230 ("Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion."); Omni Nat'l Bank v. Georgia Banking Co., 951 So. 2d 1006, 1007 (Fla. 3d DCA 2007) ("In order for a party to intervene, its interest 'must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment.'" (quoting Union Cent. Life Ins. Co. v. Carlisle, 593 So. 2d 505, 507 (Fla. 1992))); In re Estate of Arroyo v. Infinity Indem. Ins. Co., 211 So. 3d 240, 245 (Fla. 3d DCA 2017) ("Importantly, a party's asserted interest must **already** be at issue in the proceedings when the party seeks to intervene."); Grimes v. Walton Cnty., 591 So. 2d 1091, 1094 (Fla. 1st DCA 1992) (reversing order granting motion to intervene where intervenor's interest in action was "'indirect [and] contingent' rather than 'direct and immediate'").

2